UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| R. David Wolfe, on behalf of himself and all others similarly situated, | CASE NO. 1:12-CV-02776 |
| Plaintiff, | JUDGE JAMES S. GWIN |
| vs. | |
| Morry Weiss, et al., | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT AMERICAN GREETINGS
CORPORATION'S MOTION TO DISMISS**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF THE ISSUES ........................................................................... 1

SUMMARY OF ARGUMENT ............................................................................. 2

BACKGROUND ................................................................................................. 3

STANDARD OF REVIEW ................................................................................. 5

ARGUMENT ..................................................................................................... 6

I.    The Court Should Dismiss Plaintiff's Action Because Plaintiff Fails to Establish
      Subject-Matter Jurisdiction under CAFA ......................................................... 6

      A.    Plaintiff's Claims Solely Involve the Internal Affairs of a Corporation ............... 7

      B.    Plaintiff's Claims Arise under the Laws of the State of Incorporation ................. 8

II.   The Court Should Abstain from Exercising Jurisdiction under the *Colorado River*
      Doctrine In Deference to the Parallel State-Court Litigation ............................. 9

      A.    The State-Court Litigation Is Parallel to Plaintiff's Action ................................ 10

      B.    The *Colorado River* Factors Support Abstention .......................................... 11

III.  The Court Should Dismiss Plaintiff's Declaratory Judgment Claim for Lack of
      Standing .................................................................................................... 14

CONCLUSION .................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abrahamson v. Waddell*,
    63 Ohio Misc. 2d 270, 624 N.E.2d 1118 (Ohio Ct. Com. Pl. 1992).........................................16

*Adair v. Wozniak*,
    23 Ohio St. 3d 174, 492 N.E.2d 426 (1986) ...........................................................................14

*Adrian Energy Assoc. v. Mich. Pub. Serv. Comm'n*,
    481 F.3d 414 (6th Cir. 2007) ..................................................................................................13

*Antioch Baptist Church of Akron v. Jordan*,
    No. 1998-CA-00258, 1999 WL 333335 (Ohio Ct. App. May 10, 1999)................................15

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
    528 F.3d 426 (6th Cir. 2008) ....................................................................................................5

*Bates v. Van Buren Twp.*,
    122 F. App'x 803 (6th Cir. 2004) ..............................................................................................9

*Becher v. Nw. Mut. Life Ins. Co.*,
    No. CV-10-6264, 2010 WL 5138910 (C.D. Cal. Dec. 9, 2010) ....................................6, 7, 8, 9

*Bovee v. Lyndonville Sav. Bank & Trust Co.*,
    811 A.2d 143 (Vt. 2002) ..........................................................................................................16

*Brady v. Denton County Elec. Corp., Inc.*,
    No. 4:09-CV-130, 2009 WL 3151177 (E.D. Tex. Sep. 28, 2009)........................................7, 8

*Brillhart v. Excess Ins. Co.*,
    316 U.S. 491 (1942).................................................................................................................14

*Casden v. Burns*,
    306 F. App'x 966 (6th Cir. 2009) ............................................................................................15

*Colo. River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976)............................................................................................................9, 11

*Dansie v. City of Herriman*,
    134 P.3d 1139 (Utah 2006) .....................................................................................................16

*Deutsche Fin. Servs. Corp. v. Schwartz Homes, Inc.*,
    187 F.R.D. 542 (N.D. Ohio 1999) .......................................................................................9, 13

*Dieterich v. Harrer*,
    857 A.2d 1017 (Del. Ch. 2004)................................................................................................15

## TABLE OF AUTHORITIES

(continued)

Page

*Ellis v. Mut. Life Ins. Co.*,
    187 So. 434 (Ala. 1939)........................................................................................7

*Emerson v. Bank One, Akron, NA*,
    No. 20555, 2001 WL 1421531 (Ohio Ct. App. Nov. 14, 2001) ...........................16

*Gensemer v. Hallock*,
    125 Ohio App. 3d 84, 707 N.E.2d 1156 (1997)...................................................14

*Gentek Bldg. Prods. v. Sherwin-Williams Co.*,
    491 F.3d 320 (6th Cir. 2007) ...............................................................................5

*Great Earth Cos. v. Simons*,
    288 F.3d 878 (6th Cir. 2002) .............................................................................13

*Greenwich Fin. Servs. Distressed Mortg. Fund 3, LLC v. Countrywide Fin. Corp.*,
    603 F.3d 23 (2d Cir. 2010).................................................................................8

*Healthcare Capital, LLC v. Healthmed, Inc.*,
    213 F. Supp. 2d 850 (S.D. Ohio 2002) ..............................................................10

*Heine v. Streamline Foods, Inc.*,
    805 F. Supp. 2d 383 (N.D. Ohio 2011)........................................................7, 8, 15

*Henkel v. Aschinger*,
    167 Ohio Misc. 2d 4, 2012-Ohio-423, 962 N.E.2d 395 (Ohio Ct. Com. Pl.) ..........16

*In re Ferro Corp. Deriv. Litig.*,
    511 F.3d 611 (6th Cir. 2008) ......................................................................5, 16, 17

*In re Textainer P'ship Sec. Litig.*,
    No C 05-0969, 2005 WL 1791559 (N.D. Cal. July 27, 2005)...........................7, 8

*Kadel v. Dayton Superior Corp.*,
    105 Ohio Misc. 2d 11, 731 N.E.2d 1244 (Ohio Ct. Com. Pl. 2000)......................16

*Karam Managed Prop., LLC v. Travelers Indem. Co.*,
    No. 5:11-CV-01222, 2012 WL 671675 (N.D. Ohio Feb. 29, 2012)...................9, 12

*La. Mun. Police Employees Ret. Sys. v. Cooper Indus. PLC*,
    No. 12-CV-1750, 2012 WL 4958561 (N.D. Ohio Oct. 16, 2012) ...........................2

*Loch v. Watkins*,
    337 F.3d 574 (6th Cir. 2003) ...............................................................................5

iii

# TABLE OF AUTHORITIES

(continued)

Page

*Maloof v. Squire, Sanders & Dempsey LLP*,
  No. 82406, 2003 WL 21957227 (Ohio Ct. App. Aug. 14, 2003) ...........................................15

*Miller v. Miller*,
  132 Ohio St. 3d 424, 2012-Ohio-2928, 973 N.E.2d 228 .......................................................15

*Moran v. Household Int'l, Inc.*,
  490 A.2d 1059 (Del. Ch. 1985)..............................................................................................15

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983)...................................................................................................................12

*Nat'l City Corp. v. Boyd*,
  No. 1:08-CV-2189, 2008 WL 4346444 (N.D. Ohio Sep. 17, 2008) .......................................8

*Phillip Diniaco & Sons, Inc. v. Max J. Colvin & Sons Trucking, Inc.*,
  No. 88-3202, 1988 WL 137336 (6th Cir. Dec. 23, 1988)......................................................12

*Preston v. Eriksen*,
  No. 95-3751, 1997 WL 14418 (6th Cir. Jan. 14, 1997)..........................................................11

*Puzey v. BJ's Wholesale Club, Inc.*,
  No. 11-11339, 2012 WL 1114164 (D. Mass. Mar. 31, 2012) ....................................11, 12, 13

*Romine v. Compuserve Corp.*,
  160 F.3d 337 (6th Cir. 1998) .............................................................................10, 11, 12, 13

*Taylor v. KeyCorp*,
  680 F.3d 609 (6th Cir. 2012) ..................................................................................................5

*Tooley v. Donaldson, Lufkin & Jenrette, Inc.*,
  845 A.2d 1031 (Del. 2004) ....................................................................................................16

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995).........................................................................................................13, 14

**RULES**

Fed. R. Civ. P. 12(b) ......................................................................................................1, 5, 17

Fed. R. Civ. P. 23.1 .............................................................................................................1, 14

**STATUTES**

28 U.S.C. § 1332.....................................................................................................................5, 6

## <u>TABLE OF AUTHORITIES</u>
(continued)

Page

28 U.S.C. § 1453 .................................................................................................................6

28 U.S.C. § 2201 ...............................................................................................................13

**OTHER AUTHORITIES**

S. Rep. No. 109-14 (2005) .............................................................................................7, 9

## STATEMENT OF THE ISSUES

1.  <u>Subject-Matter Jurisdiction</u>.  Under the Class Action Fairness Act, this Court lacks subject-matter jurisdiction over class actions that solely involve state-law claims relating to a corporation's internal affairs.  Plaintiff's purported class action advances state-law claims that relate to matters peculiar to the relationship among and between Defendant American Greetings Corporation and its shareholders.  Does this Court have subject-matter jurisdiction over this action?

2.  <u>Abstention</u>.  Under the *Colorado River* doctrine, federal courts should abstain from exercising jurisdiction over an action where a state court already presides over a parallel action.  The Cuyahoga County Court of Common Pleas currently presides over six purported class actions that raise the same issues presented here.  Should the Court abstain from exercising jurisdiction?

3.  <u>Standing</u>.  The right to institute litigation on a corporation's behalf belongs to the corporation itself and is controlled in the first instance by the corporation's board of directors. Under Rule 23.1 of the Federal Rules of Civil Procedure, an individual shareholder has standing to bring a claim on the corporation's behalf—a shareholder derivative claim—only if he pleads with particularity that a demand upon the board of directors was made and wrongly refused, or that such a demand would have been futile.  Plaintiff's claims are derivative because they are based solely upon his status as a shareholder of Defendant American Greetings Corporation and seek to remedy alleged injuries to the corporation itself, yet he has not even attempted to satisfy Rule 23.1's heightened pleading requirements.  Does Plaintiff have standing to bring his claims?

## SUMMARY OF ARGUMENT

A little more than two months ago, Defendant American Greetings Corporation ("American Greetings") announced that its controlling shareholders had proposed a transaction to take the company private.[1]  Surprisingly, despite American Greetings emphasizing the proposal's preliminary nature, the announcement triggered a flood of purported shareholder class actions.  The first of these cases was filed in the Cuyahoga County Court of Common Pleas on September 27, 2012—only one day after the public announcement.  Six of the lawsuits remain pending in that court, and they have now been consolidated before the Honorable Judge Richard McMonagle.  A motion to determine which attorneys will serve as lead plaintiffs' counsel in the consolidated litigation is pending.

More than a month after the first state-court action was filed, Plaintiff R. David Wolfe ("Plaintiff") and his counsel filed this nearly identical purported shareholder class action in federal court.  Having lost the first race to the courthouse, Plaintiff apparently seeks to jump in front of those vying to control the consolidated state-court case by circumventing the well-ordered state-court process, shopping a federal forum, and trying to rush this Court through to the finish line.[2]

But Plaintiff's blatant attempt to end-run around the pending state-court litigation fails as a matter of law.  First, this Court does not have subject-matter jurisdiction over the claims

---

[1] The announcement, which is a public record filed with the U.S. Securities and Exchange Commission, is attached hereto as Exhibit A.  *La. Mun. Police Employees Ret. Sys. v. Cooper Indus. PLC*, No. 12-CV-1750, 2012 WL 4958561, at *5 (N.D. Ohio Oct. 16, 2012) (internal quotation omitted) ("In determining a motion to dismiss, the Court may consider matters of public record, including 'securities filings made with the SEC.'").

[2] That Plaintiff moved for summary judgment nearly one month before American Greetings' answer is due (pursuant to a request for a service waiver made by Plaintiff himself) simply reinforces this conclusion.  (*See* Pl.'s Mot. Summ. J., ECF No. 11.)

Plaintiff attempts to raise.  The Class Action Fairness Act ("CAFA") leaves no doubt that class actions related to a corporation's internal affairs—such as this purported class action—belong exclusively in state court.  Second, even if the Court had jurisdiction, wise judicial administration counsels that the Court should abstain and defer to the state court already handling the parallel litigation.  Third, Plaintiff's sole claim against American Greetings is derivative, and Plaintiff wholly fails to demonstrate that he has standing to bring it.

The Court should not facilitate Plaintiff's effort to undermine the pending state-court litigation.  Instead, it should dismiss this action on jurisdictional and standing grounds.

## BACKGROUND

Plaintiff challenges a proposed transaction that would result in American Greetings becoming a private company owned principally by its founder's descendants.  (Compl. ¶ 27.) American Greetings' controlling shareholders—members of the Weiss family and their related entities named here as defendants ("Weiss Family")—proposed this transaction on September 25, 2012.  (*Id.*)  In a letter to American Greetings' board of directors ("Board"), the Weiss Family expressed an interest in buying the American Greetings shares they did not already own for about a twenty percent premium.[3]  (*Id.*)  In response, the Board appointed a special committee of independent directors ("Special Committee") to evaluate the transaction, which it continues to do at present.  (*Id.* ¶ 32.)

Plaintiff is an American Greetings shareholder who opposes this proposed transaction. (*Id.* ¶ 6.)  He claims that the Weiss Family breached its fiduciary duty to American Greetings'

---

[3] The Weiss Family has expressed an interest in acquiring principally American Greetings' Class A common shares, which are publicly-traded and receive one vote per share.  (Compl. ¶ 7.) American Greetings also has Class B common shares.  (*Id.*)  Owned largely by the Weiss Family, these shares receive ten votes per share and are not publicly traded.  (*Id.*)

other shareholders by proposing an unfairly low per-share price.  (*Id.* ¶¶ 60-65.)  Plaintiff also seeks a declaration that the Board and the Special Committee lack the necessary independence to properly evaluate the proposed transaction.  (*Id.* ¶¶ 76-77.)

Before Plaintiff filed this case, seven shareholders filed virtually identical actions in state court.[4]  The first of these actions was filed on September 27, 2012, (*Carter v. Weiss*, CV-12-792421, Docket No. 1 (Cuyahoga County Ct. Com. Pl.) (hereinafter Carter Compl.)); the most recent was brought on November 1, 2012, (*Int'l Union of Operating Eng'rs v. Am. Greetings Corp.*, CV-12-794747, Docket No. 1 (Cuyahoga County Ct. Com. Pl.)).  These state-court actions all challenge the substantive fairness of the proposed transaction.  (*E.g.*, Carter Compl. ¶ 39.)[5]  They also allege that the Special Committee lacks the requisite independence to evaluate the proposal.  (*E.g.*, Carter Compl. ¶ 49.)  In other words, they raise the same issues as Plaintiff does in this action, which was filed on November 6, 2012.  (*See* Compl. ¶ 31 (alleging the proposed transaction is unfair), ¶¶ 51-53 (alleging the Special Committee is not independent).)

American Greetings now moves to dismiss this case.

---

[4] One of these actions has since been dismissed, but six remain pending.  (*See Carter v. Weiss*, CV-12-792421 (Cuyahoga County Ct. Com. Pl.) (filed September 27, 2012); *IBEW Local 98 Pension Fund v. Weiss*, CV-12-793292 (Cuyahoga County Ct. Com. Pl.) (filed October 11, 2012); *Hasset v. Weiss*, CV-12-793463 (Cuyahoga County Ct. Com. Pl.) (filed October 12, 2012); *Coyne v. Am. Greetings Corp.*, CV-12-793599 (Cuyahoga County Ct. Com. Pl.) (filed October 16, 2012); *N.Y. Hotel Trades Council & Hotel Assoc. v. Weiss*, CV-12-794541 (Cuyahoga County Ct. Com. Pl.) (filed October 29, 2012); *Int'l Union of Operating Eng'rs v. Am. Greetings Corp.*, CV-12-794747 (Cuyahoga County Ct. Com. Pl.) (filed November 1, 2012).)  These Complaints are attached hereto as Exhibits B through G.
[5] The Cuyahoga County Court of Common Pleas consolidated the five other actions into *Carter*. (*See IBEW Local 98 Pension Fund v. Weiss*, CV-12-793292, Docket No. 17; *Hasset v. Weiss*, CV-12-793463, Docket No. 37; *Coyne v. Am. Greetings Corp.*, CV-12-793599, Docket No. 23; *N.Y. Hotel Trades Council & Hotel Assoc. v. Weiss*, CV-12-794541, Docket No. 64; *Int'l Union of Operating Eng'rs v. Am. Greetings Corp.*, CV-12-794747, Docket No. 35.)  The plaintiffs will file a consolidated complaint after lead counsel is appointed.

4

## STANDARD OF REVIEW

American Greetings first seeks dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. CAFA, on which Plaintiff bases jurisdiction, excludes class actions, like this one, that advance state-law claims related to a corporation's internal affairs. 28 U.S.C. § 1332(d)(9)(B). Plaintiff bears the ultimate burden of proving jurisdiction. *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012). Because this challenge to the Court's jurisdiction is "facial"—in that it is based solely on the face of Plaintiff's Complaint— the Court accepts the Plaintiff's allegations as true and considers whether they establish jurisdiction. *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

American Greetings also asks the Court to abstain from exercising jurisdiction over this case in deference to the parallel state-court litigation. This is tantamount to a Rule 12(b)(1) motion. *See Loch v. Watkins*, 337 F.3d 574, 577-79 (6th Cir. 2003) (affirming dismissal granted under Rule 12(b)(1) based upon abstention). When deciding a Rule 12(b)(1) motion on abstention grounds, the Court may consider matters outside the pleadings. *See Gentek Bldg. Prods.*, 491 F.3d at 330 (recognizing that a factual, rather than facial, attack on jurisdiction permits courts to look beyond the pleadings); *see also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (stating that courts may consider public records when deciding motion to dismiss).

Apart from its jurisdictional challenges, American Greetings moves to dismiss Plaintiff's declaratory judgment claim under Rule 12(b)(6) because he lacks standing. To evaluate a Rule 12(b)(6) motion, courts "accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff," but they need not "accept as true legal conclusions or unwarranted factual inferences." *In re Ferro Corp. Deriv. Litig.*, 511 F.3d 611, 617 (6th Cir. 2008) (internal quotations omitted).

5

**ARGUMENT**

I.   **The Court Should Dismiss Plaintiff's Action Because Plaintiff Fails to Establish Subject-Matter Jurisdiction under CAFA.**

Plaintiff brings this action under CAFA, which generally authorizes federal courts to exercise jurisdiction over class actions where the amount in controversy exceeds $5,000,000 and diversity exists between at least one plaintiff and one defendant.[6]  *See* 28 U.S.C. § 1332(d)(2)(A).  But CAFA carves out certain types of class actions from those federal courts may hear, including actions raising state-law claims concerning a corporation's internal affairs or governance.  28 U.S.C. § 1332(d)(9)(B).[7]  Plaintiff's class action falls squarely within this exception to CAFA jurisdiction.

CAFA expressly states that federal courts do not have jurisdiction over a class action that solely involves a claim "that relates to the internal affairs or governance of a corporation . . . and that arises under or by virtue of the laws of the State in which such corporation . . . is incorporated."  28 U.S.C. § 1332(d)(9)(B).[8]  To determine whether a case is subject to dismissal under this "corporate governance" exception, courts engage in a two-step analysis: first, they look to whether the plaintiff's claims solely involve the corporation's internal affairs, and second, they decide whether the plaintiff's claims arise under the law of the state of

---

[6] American Greetings reaches this conclusion based on the language in Plaintiff's Complaint, where he alleges that "complete diversity exists between Plaintiff and each of the Defendants, and the amount in controversy exceeds $5,000,000 exclusive of interest and costs."  (Compl. ¶ 22.)

[7] The exceptions in 28 U.S.C. § 1332(d)(9)(A) – (C) are identical to those in 28 U.S.C. § 1453(d)(1) – (3), which exempt the same three types of cases from a district court's removal jurisdiction.

[8] This case is also covered by the other CAFA exceptions, found in 28 U.S.C. §§ 1332(d)(9)(A) and (C), as argued more fully in the motion to dismiss filed by some of the other defendants in this case.

incorporation.  *See, e.g.*, *Becher v. Nw. Mut. Life Ins. Co.*, No. CV-10-6264, 2010 WL 5138910, at *2 (C.D. Cal. Dec. 9, 2010) (identifying two-step test).

      **A.**      **Plaintiff's Claims Solely Involve the Internal Affairs of a Corporation.**

      The first inquiry is whether the claims at issue relate solely to a corporation's internal affairs.  *Becher*, 2010 WL 5138910, at *2.  "Internal affairs" are "matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders."  *Brady v. Denton County Elec. Corp., Inc.*, No. 4:09-CV-130, 2009 WL 3151177, at *5 (E.D. Tex. Sep. 28, 2009) (quoting S. Rep. No. 109-14, at 45).  Where the act complained of affects the plaintiff solely in his capacity as a member of a corporation, the action involves the management of the corporation's internal affairs.  *In re Textainer P'ship Sec. Litig.*, No C 05-0969, 2005 WL 1791559, at *5 (N.D. Cal. July 27, 2005) (citing *Ellis v. Mut. Life Ins. Co.*, 187 So. 434, 443 (Ala. 1939)).

      Here, Plaintiff's claims relate directly and solely to American Greetings' internal affairs. Plaintiff first brings a claim for breach of fiduciary duty.  (Compl. ¶¶ 60-65.)  When such claims arise in the corporate context, they are routinely treated as matters involving internal affairs and thus outside CAFA's ambit.  *Textainer*, 2005 WL 1791559, at *5 (remanding fiduciary duty claim challenging proposed sale of company assets, finding "courts have consistently applied the internal affairs doctrine to claims for breach of fiduciary duty"); *see also Heine v. Streamline Foods, Inc.*, 805 F. Supp. 2d 383, 389 (N.D. Ohio 2011) (Oliver, J.) ("The fiduciary duties owed by directors of a corporation are internal affairs.").

      Moreover, Plaintiff's fiduciary duty claim rests on allegations that American Greetings' controlling shareholders intend to treat minority shareholders unfairly in connection with the proposed going-private transaction.  (Compl. ¶¶ 62-63.)  This claim plainly involves matters "peculiar to the relationship among" American Greetings' shareholders, and thus relates to

American Greetings' internal affairs.  *Brady*, 2009 WL 3151177, at *5 (internal quotation omitted).

Like his fiduciary duty claim, Plaintiff's declaratory judgment claim is also grounded in American Greetings' internal affairs.  Through this claim, Plaintiff seeks to establish that American Greetings' Board and Special Committee lack the required independence to properly approve the proposed going-private transaction.  (Compl. ¶¶ 68-75.)  Plaintiff cannot credibly maintain that this claim involves anything other than a matter "peculiar" to the relationship between American Greetings and its shareholders, *Brady*, 2009 WL 3151177, at *5, as he would have no standing to challenge the Board's authority absent his shareholder status.  *See Greenwich Fin. Servs. Distressed Mortg. Fund 3, LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 29 (2d Cir. 2010) (explaining that whether claim relates to internal affairs focuses on the source of the right the claim seeks to enforce); *Textainer*, 2005 WL 1791559, at *5 (recognizing that claim involves internal affairs if the challenged act affects plaintiff solely in his capacity as member of the corporation).

This class action solely involves claims that relate to American Greetings' "internal affairs or governance," and thus it satisfies the first feature of those class actions CAFA reserves to state courts.

### B.       Plaintiff's Claims Arise Under the Laws of the State of Incorporation.

Courts next consider whether the claims "arise under or by virtue of the laws of the state of incorporation."  *Becher*, 2010 WL 5138910, at *2.  This is a simple exercise here.  To decide which law applies to Plaintiff's claims, the Court applies Ohio's choice-of-law principles.  *See Nat'l City Corp. v. Boyd*, No. 1:08-CV-2189, 2008 WL 4346444, at *3 (N.D. Ohio Sep. 17, 2008) (Gwin, J.).  Under those principles, claims that relate to a corporation's internal affairs— like those here—are governed by the law of the state of incorporation.  *See, e.g.*, *Heine*, 805 F.

8

Supp. 2d at 389.  Plaintiff's claims therefore arise under the law of the state of American

Greetings' incorporation—Ohio.  *Becher*, 2010 WL 5138910, at *5-6 (enforcing corporate

governance exception where applicable choice-of-law principles provided that law of state of

incorporation governed corporation's internal affairs).

　　　　In sum, Plaintiff's purported class action solely involves claims that relate to American

Greetings' "internal affairs or governance" and "arise under or by virtue" of the law where

American Greetings is incorporated.   It is thus the very type of local dispute that CAFA directs

to state rather than federal court.  S. Rep. No. 109-14, at 28 (2005) (discussing CAFA exceptions

and explaining that state courts should adjudicate class actions "that have a truly local focus").

Accordingly, the Court should dismiss this case for lack of subject-matter jurisdiction.

## II.　The Court Should Abstain from Exercising Jurisdiction under the *Colorado River* Doctrine In Deference to the Parallel State-Court Litigation.

　　　　Even if the Court has subject-matter jurisdiction over Plaintiff's claims, it should

nonetheless dismiss or stay this case to avoid duplicative litigation.  *See Colo. River Water*

*Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (internal quotations omitted)

(describing abstention for "wise judicial administration"); *Deutsche Fin. Servs. Corp. v.*

*Schwartz Homes, Inc.*, 187 F.R.D. 542, 549 (N.D. Ohio 1999) (Gwin, J.) (dismissing action on

abstention grounds).[9]  Although *Colorado River* abstention is uncommon, this case presents the

precise scenario where the Court should abstain from exercising jurisdiction.

---

[9] A dismissal on abstention grounds is without prejudice.  *Deutsche Fin. Servs. Corp.*, 187
F.R.D. at 549.  Although a stay rather than dismissal is the preferred approach when abstention is
required, *Bates v. Van Buren Twp.*, 122 F. App'x 803, 809 (6th Cir. 2004), a court may still
choose to dismiss.  *Karam Managed Prop., LLC v. Travelers Indem. Co.*, No. 5:11-CV-01222,
2012 WL 671675, at *3 (N.D. Ohio Feb. 29, 2012) (recognizing that either a dismissal or stay is
available).  Because the issues Plaintiff raises here will be conclusively adjudicated by the

*continued on next page…*

9

### A.      The State-Court Litigation Is Parallel to Plaintiff's Action.

Before applying *Colorado River*, the Court "must first determine that the concurrent state and federal actions are actually parallel." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). "Parallel," however, does not require exact duplication. Instead, it "is enough if the two proceedings are substantially similar." *Id.* at 340 (internal quotation omitted); s*ee also Healthcare Capital, LLC v. Healthmed, Inc.*, 213 F. Supp. 2d 850, 857 (S.D. Ohio 2002) (same).

Actions that have "substantially similar" parties and allege "the same material facts" are parallel. *Romine*, 160 F.3d at 340.  In *Romine*, the plaintiffs argued *Colorado River* abstention was improper because the named plaintiffs differed and the federal action included an additional defendant against whom the plaintiffs asserted additional claims.  The Sixth Circuit rejected these arguments because "the interests of both the named parties and the identical putative classes they [sought] to represent [we]re congruent." *Id.*

Here, Plaintiff cannot plausibly contest that his case is parallel to the consolidated class action pending in the Cuyahoga County Court of Common Pleas.  The class he seeks to represent is identical to the class the individual plaintiffs purport to represent in the state-court litigation. (*Compare* Compl. ¶ 54 ("all current Class A common stockholders of the Company"), *with* Carter Compl. ¶ 20 ("all holders of American Greetings stock who will be harmed by defendants' actions").)[10]  Both the federal and state plaintiffs ground their complaints in the same alleged facts, namely, that the proposed transaction is supposedly unfair to minority

---

*...continued from previous page*

Cuyahoga County Court of Common Pleas, dismissal is appropriate.

[10] *Carter* was the first state-court case filed and the case into which the Cuyahoga County Court of Common Pleas consolidated the five other actions.  The plaintiffs will file a consolidated complaint after lead counsel is appointed.  This consolidated complaint's description of the class is unlikely to change.

shareholders.  (Compl. ¶¶ 27-31; Carter Compl. ¶¶ 32-39.)  And both dispute the Special

Committee's ability to independently evaluate the transaction.  (Compl. ¶¶ 32-53; Carter Compl.

¶¶ 40-49.)

Simply put, both Plaintiff's action and the consolidated state-court action seek to stop the

proposed transaction.  (Compl. ¶ 1; Carter Compl. ¶ 1.)  They are therefore "parallel" for

*Colorado River* purposes.  *Romine*, 160 F.3d at 341; *see also Puzey v. BJ's Wholesale Club, Inc.*,

No. 11-11339, 2012 WL 1114164, at *3 (D. Mass. Mar. 31, 2012) (finding state and federal

putative class actions brought to enjoin a merger were parallel).

> **B.     The *Colorado River* Factors Support Abstention.**

The *Colorado River* factors overwhelmingly favor abstention in this case.  *Colorado*

*River* abstention rests "on considerations of wise judicial administration."  424 U.S. at 817

(internal quotation omitted).  *Colorado River* itself considered four factors: "(1) whether the state

court has assumed jurisdiction over any res or property; (2) whether the federal forum is less

convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which

jurisdiction was obtained."  *Romine*, 160 F.3d at 340-41 (citing *Colorado River*, 424 U.S. at 818-

19).  In later cases, the Supreme Court identified four additional factors to consider in deciding

whether to abstain: "(5) whether the source of governing law is state or federal, (6) the adequacy

of the state court action to protect the federal plaintiff's rights, (7) the relative progress of the

state and federal proceedings, and (8) the presence or absence of concurrent jurisdiction."  *Id.* at

341 (internal citations omitted).

Beyond these factors, courts consider the "prospect of forum shopping" and the

"vexatious or contrived" nature of the federal case.  *Puzey*, 2012 WL 1114164, at *5 n.3; *see*

*also Preston v. Eriksen*, No. 95-3751, 1997 WL 14418, at *4 n.3 (6th Cir. Jan. 14, 1997) (forum

shopping); *Phillip Diniaco & Sons, Inc. v. Max J. Colvin & Sons Trucking, Inc.*, No. 88-3202, 1988 WL 137336, at *3 (6th Cir. Dec. 23, 1988) (vexatious nature).

Abstention here is appropriate for several reasons.  First, it is necessary to avoid "piecemeal litigation" (factor three), a critical consideration in the *Colorado River* analysis. *Puzey*, 2012 WL 1114164, at *4; *Karam Managed Prop., LLC v. Travelers Indem. Co.*, No. 5:11-CV-01222, 2012 WL 671675, at *4 (N.D. Ohio Feb. 29, 2012).[11]  As discussed above, the central goal of both cases is to stop the proposed transaction.  (Compl. ¶¶ 77-79; Carter Compl. ¶ 1.)  If the Court proceeds, "different courts [will] adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results."  *Romine*, 160 F.3d at 341.[12]  This, by definition, is piecemeal litigation.  *Id.*

Second, the state court obtained jurisdiction first, is expeditiously handling the six cases before it, and has progressed those cases further along than this recently-filed case (factors four and seven).  All of the pending state-court actions were filed prior to this case—the first action more than a month earlier.[13]  The Cuyahoga County Court of Common Pleas has already consolidated these actions[14] and has held a hearing on the appointment of lead counsel.

Plaintiff's recent motion for summary judgment does not change the relative progress of the two cases.  Putting aside the motion's palpable lack of merit—it aims to create a nonsensical standard of director independence by contorting language from American Greetings' Articles of

---

[11] To be sure, this was the main reason the Supreme Court in *Colorado River* abstained.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983) (recognizing the concern for piecemeal litigation was "paramount in *Colorado River*").

[12] Plaintiff acknowledges the "risk of inconsistent or varying adjudications" and the need for "efficient adjudication."  (Pl.'s Mot. to Consolidate, ECF No. 10, at ¶¶ 24-25.)

[13] *See* footnote 4, *supra*.

[14] *See* footnote 5, *supra*.

Incorporation beyond recognition—its premature filing suggests a "vexatious or contrived" attempt to create an illusion of progress, yet another reason for the Court to abstain. *See Puzey*, 2012 WL 1114164, at *5 n.3 (noting, in a factually similar case, that since a federal plaintiff's putative class action to enjoin a merger differed little from the earlier-filed state case, it may be vexatious or contrived).

Third, Plaintiff's complaint involves only state-law issues (factor five). (*See* Compl. ¶¶ 60-79 (alleging breach of fiduciary duty claims), ¶ 22 (alleging diversity provides jurisdiction).) And, relatedly, "the state court is readily capable of safeguarding the legal interests of the parties" (factor six). *Deutsche Fin. Servs. Corp.*, 187 F.R.D. at 548.

Taken together, the *Colorado River* factors favor abstention. None counsel against it. And those factors that do not expressly support abstention are not material here. Concerns with state-court jurisdiction over property and convenience (factors one and two) are "irrelevant, as there is no res" at issue and both cases are currently pending in the same city. *Great Earth Cos. v. Simons*, 288 F.3d 878, 887 (6th Cir. 2002). Likewise, even if the Court had jurisdiction— which it does not—it is concurrent with the state court (factor eight). *Romine*, 160 F.3d at 342. Every other factor supports abstention. *See id.* at 341 (finding abstention proper when all but the first two factors supported it).

Moreover, Plaintiff seeks mainly declaratory relief aimed to stop the proposed transaction. In federal court, declaratory relief is discretionary. 28 U.S.C. § 2201(a); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (recognizing federal courts' "unique and substantial discretion in deciding whether to declare the rights of litigants"). Courts are "particularly reluctant to entertain federal declaratory judgment actions premised on diversity jurisdiction in the face of a previously-filed state-court action." *Adrian Energy Assoc. v. Mich. Pub. Serv.*

13

*Comm'n*, 481 F.3d 414, 421 (6th Cir. 2007) (further noting that courts should avoid "'gratuitous interference with the orderly and comprehensive disposition of a state court litigation'") (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)).  Here, then, abstention not only comports with *Colorado River*, but also represents a wise exercise of discretion that avoids both expending unnecessary resources on piecemeal and duplicative litigation and interfering with the Ohio court's resolution of Ohio law issues concerning an Ohio corporation.  *Wilton*, 515 U.S. at 284, 288 (stating that, in declaratory relief cases, the usual "unflagging obligation" to exercise jurisdiction "yields to considerations of practicality and wise judicial administration").

**III.    The Court Should Dismiss Plaintiff's Declaratory Judgment Claim for Lack of Standing.**

Finally, even if the Court had jurisdiction and declined to abstain in favor of the virtually identical earlier-filed and more advanced state-court cases, Plaintiff's declaratory judgment claim still would have to be dismissed because it is derivative, not direct, and Plaintiff has not attempted to establish that he has standing to bring it.  Plaintiff's claim is subject to the pleading requirements of Rule 23.1 of the Federal Rules of Civil Procedure.  Because Plaintiff ignored those requirements, he lacks standing to bring the claim and it must be dismissed.

Shareholders generally may not bring an independent cause of action based upon injuries incurred solely in their capacity as shareholders but must instead seek redress for those injuries through a derivative claim brought on the corporation's behalf.  *Adair v. Wozniak*, 23 Ohio St. 3d 174, 492 N.E.2d 426 (1986) (syllabus); *Gensemer v. Hallock*, 125 Ohio App. 3d 84, 91, 707 N.E.2d 1156, 1160 (1997).  A shareholder may assert a direct claim only if "injured in some way separate and distinct from any injury to the corporation."  *Gensemer*, 125 Ohio App. 3d at 91,

14

707 N.E.2d at 1160.[15]  Such injuries arise where a shareholder aims to vindicate a special duty owed to him for some reason other than his shareholder status.  *See Maloof v. Squire, Sanders & Dempsey LLP*, No. 82406, 2003 WL 21957227, at *4-5 (Ohio Ct. App. Aug. 14, 2003) (holding that plaintiff and sole shareholder of corporation could not establish direct claim against law firm where firm was retained by corporation and had no individual contractual relationship with plaintiff).

Here, Plaintiff pleads his declaratory judgment claim as a direct cause of action against American Greetings.  But a "claim is not direct simply because it is pleaded that way."  *Dieterich v. Harrer*, 857 A.2d 1017, 1027 (Del. Ch. 2004) (internal quotation omitted).[16]  "Instead, the court must look to all the facts of the complaint and determine for itself whether a direct claim exists."  *Id.*

Plaintiff seeks a declaratory judgment that the Board (and the Special Committee) cannot properly approve, authorize, or confirm the proposed going-private transaction.  Claims that challenge a board of directors' authority to act are inherently derivative, as they seek to protect the corporation as a whole from ultra vires acts.  *Moran v. Household Int'l, Inc.*, 490 A.2d 1059, 1070-71 (Del. Ch. 1985) ("This claim clearly is derivative since it calls into question the authority of the Board to alter the capital structure of the corporation, not any contractual right of

---

[15] "The determination as to whether a plaintiff's claims are direct or derivative is governed by the law of the state of incorporation."  *Heine*, 805 F. Supp. 2d at 393 (citing *Casden v. Burns*, 306 F. App'x 966, 974 (6th Cir. 2009)).  The determination in this case is thus governed by the law of Ohio, where American Greetings is incorporated.  (Compl. ¶ 7.)

[16] Ohio courts often look to Delaware decisions for guidance on corporate law issues.  *E.g.*, *Miller v. Miller*, 132 Ohio St. 3d 424, 2012-Ohio-2928, 973 N.E.2d 228, ¶¶ 22-25.  Plaintiff acknowledges as much.  (Pl.'s Mot. Summ. J., ECF No. 11, at 9 n.9.)

the shareholders or any distinct injury to the plaintiff.")[17]; *Antioch Baptist Church of Akron v. Jordan*, No. 1998-CA-00258, 1999 WL 333335, at *2 (Ohio Ct. App. May 10, 1999) (holding that allegations that board violated corporate bylaws were "clearly claims of injury to the [corporation] as a whole and to each of its members alike" and thus were derivative in nature).[18]

That Plaintiff bases his declaratory judgment claim on his alleged contract rights under American Greetings' Articles of Incorporation has no impact on its derivative nature.  Any such rights arise solely because of Plaintiff's status as an American Greetings shareholder.  And rights that do not originate "from circumstances independent of the shareholder's status as a shareholder" will not support a direct claim.  *Emerson v. Bank One, Akron, NA*, No. 20555, 2001 WL 1421531, at *1 (Ohio Ct. App. Nov. 14, 2001); *accord Bovee v. Lyndonville Sav. Bank & Trust Co.*, 811 A.2d 143, 146 (Vt. 2002) (holding that claim alleging breach of corporate bylaws, charter, and other instruments was "patently derivative").  Nor may Plaintiff label his claim direct simply because he will allegedly incur more harm than other shareholders absent declaratory relief.  *Dansie v. City of Herriman*, 134 P.3d 1139, 1144 (Utah 2006) ("A

---

[17] The test applied in *Moran* was disapproved in *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031 (Del. 2004).  In *Tooley*, the Delaware Supreme Court established a new, two-prong test to distinguish between direct and derivative suits.  To date, however, no Ohio court has adopted the *Tooley* test.  Instead, to justify a direct shareholder action, Ohio continues to require an injury "separate and distinct" from that suffered by the corporation.  *See Gensemer*, 707 N.E.2d at 1160.

[18] Ohio courts consistently reject attempts to advance derivative claims as direct causes of action.  *E.g.*, *Henkel v. Aschinger*, 167 Ohio Misc. 2d 4, 2012-Ohio-423, 962 N.E.2d 395, ¶ 23 (Ohio Ct. Com. Pl.) (barring direct action focused on stock valuation because the alleged injury "will be felt by all shareholders [and] charged to the corporation as a whole") (internal quotations omitted); *Abrahamson v. Waddell*, 63 Ohio Misc. 2d 270, 271-272, 624 N.E.2d 1118, 1119 (Ohio Ct. Com. Pl. 1992) (dismissing direct action challenging rejection of proposed acquisition because it alleged "damage that all shareholders would suffer"); *Kadel v. Dayton Superior Corp.*, 105 Ohio Misc. 2d 11, 15-16, 731 N.E.2d 1244, 1247 (Ohio Ct. Com. Pl. 2000) (dismissing direct action challenging share valuation as part of merger where all shareholders suffered same injury).

shareholder does not sustain an individual injury because a corporate act results in disparate treatment among shareholders.").  Plaintiff's claim is thus derivative.

A derivative claim belongs to the corporation and is controlled in the first instance by the corporation's board of directors.  *In re Ferro Corp. Deriv. Litig.*, 511 F.3d 611, 618 (6th Cir. 2008).  Thus, to establish standing to bring a derivative claim, a plaintiff must meet the special pleading requirements set forth in Rule 23.1, including alleging "with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members, and (B) the reasons for not obtaining the action or not making the effort."  Fed. R. Civ. P. 23.1(b)(3)(A)-(B).  A plaintiff that neglects to satisfy these requirements lacks standing to advance a derivative claim.  *Ferro Corp.*, 511 F.3d at 617.

In this case, because he inaccurately characterized his declaratory judgment claim as a direct rather than a derivative cause of action, Plaintiff  has not even attempted to satisfy Rule 23.1, pleading neither demand refusal nor demand futility.[19]  He therefore lacks standing and his claim should be dismissed.

## CONCLUSION

With this action, Plaintiff invites the Court to marginalize the Cuyahoga County Court of Common Pleas, which presides over previously-filed, parallel litigation involving the same parties and issues raised here.  The Court should decline this invitation.  Under CAFA, this case belongs in state rather than federal court.  Even if this action could proceed in federal court, it should not, given the parallel state-court litigation.  And Plaintiff's sole claim against American

---

[19] American Greetings intends to rebut the demand futility alleged in the parallel state-court litigation.

Greetings is procedurally defective in any event.  For these reasons, American Greetings moves the Court to dismiss Plaintiff's action.

Dated:   December 14, 2012                          Respectfully submitted,

                                                    /s/Michael J. Montgomery
                                                    John D. Parker (0025770)
                                                    Michael J. Montgomery (0070922)
                                                    Karen E. Swanson Haan (0082518)
                                                    Baker & Hostetler LLP
                                                    3200 National City Center
                                                    1900 East Ninth Street
                                                    Cleveland, Ohio  44114-3485
                                                    Telephone: 216.621.0200
                                                    Facsimile: 216.696.0740
                                                    jparker@bakerlaw.com
                                                    mmontgomery@bakerlaw.com
                                                    kswansonhaan@bakerlaw.com

                                                    Leah J. Domitrovic (PHV)
                                                    Baker & Hostetler LLP
                                                    191 North Wacker Drive, Suite 3100
                                                    Chicago, Illinois  60606-1901
                                                    Telephone: 312.416.6200
                                                    Facsimile: 312.416.6201
                                                    ldomitrovic@bakerlaw.com

                                                    *Attorneys for American Greetings Corporation*

18

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing Memorandum in Support adheres to the page limitations set forth in Local Rule 7.1.

/s/Michael J. Montgomery
Michael J. Montgomery (0070922)

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2012, a copy of the foregoing *Memorandum in Support of Defendant American Greetings Corporation's Motion Dismiss* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/Michael J. Montgomery
Michael J. Montgomery (0070922)

*Attorney for American Greetings Corporation*