# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| R. DAVID WOLFE, | ) | |
| Plaintiff, | ) | **Case No. 1:12-cv-02776-JG** |
| | ) | |
| v. | ) | |
| WEISS, et al., | ) | **JUDGE JAMES GWIN** |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, | ) ) ) | **Case No. 1:12-cv-02816-JG** |
| Plaintiff, | ) | |
| v. | ) | **JUDGE JAMES GWIN** |
| WEISS, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## WEISS DEFENDANTS' MOTION TO DISMISS OR TO STAY

Dated: December 14, 2012

Robert S. Faxon
(Ohio Bar No. 0059678)
E-mail:  rfaxon@jonesday.com
Adrienne Ferraro Mueller
(Ohio Bar No. 0076332)
E-mail:  afmueller@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:     (216) 586-3939
Facsimile:     (216) 579-0212

*Attorneys for Weiss Defendants*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

CERTIFICATE OF COMPLIANCE ............................................................................. vi

STATEMENT OF THE ISSUES .................................................................................. vii

PRELIMINARY STATEMENT ...................................................................................... 1

FACTUAL BACKGROUND .......................................................................................... 2

ARGUMENT .................................................................................................................... 5

I.     The Complaints Should Be Dismissed For Want Of Subject Matter Jurisdiction ............................................................................................. 6

     A.    Plaintiffs' Claims Fall Within The Corporate Governance Exceptions Of § 1332(d)(9). ................................................... 6

         1.    Plaintiffs' Claims Relate Solely To The Internal Affairs Of American Greetings. ................................................ 7

         2.    Plaintiffs' Claims Also Fall Within The § 1332(d)(9)(A) And (C) Exceptions Because They Concern A Covered Security And The Associated Duties To Shareholders Of American Greetings. ............................................... 8

     B.    The Court Cannot Assert Jurisdiction Under Either § 1332(a) Or (d) Because The Relief Sought By Plaintiffs Does Not Satisfy The Amount In Controversy Requirement .................................................. 10

II.    The Court Should Abstain From Exercising Jurisdiction In Light Of The Parallel State Court Proceedings ........................................................ 13

III.   Plaintiffs' Improper Attempts To Plead Their Claims Directly Must Be Rejected .......................................................................................... 14

     A.    Because Plaintiffs Fail To Allege A Separate And Distinct Injury From That Of Other Shareholders, Their Claims Are Derivative In Nature ................................................................................. 14

     B.    Plaintiffs' Failure To Comply With Rule 23.1 Is Not Excused ............... 17

IV.   Plaintiffs' Claims Are Not Ripe ....................................................................... 18

CONCLUSION .............................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

CASES                                                                                     Page

*Abrahamson v. Waddell,*
    624 N.E.2d 1118 (Ohio Ct. C.P. 1992) .................................................................16, 17

*Adair v. Wozniak,*
    492 N.E.2d 426 (Ohio 1986) ....................................................................................14, 15

*Aetna Life Ins. Co. v. Haworth,*
    300 U.S. 227 (1937) ........................................................................................................18

*Am. Gen. Fin. Servs. v. Griffin,*
    685 F. Supp. 2d 729 (N.D. Ohio 2010) .........................................................................6, 9

*Benzon v. Morgan Stanley Distribs., Inc.,*
    420 F.3d 598 (6th Cir. 2005) ............................................................................................3

*BlackRock Fin. Mgmt. Inc. v. Segregated Account of AMBAC Assurance Corp.,*
    673 F.3d 169 (2d Cir. 2012)...........................................................................................8, 9

*Brown v. Ferro Corp.,*
    763 F.2d 798 (6th Cir. 1985) .......................................................................................19, 20

*Charvat v.GVN Mich., Inc.,*
    561 F.3d 623 (6th Cir. 2009) ..........................................................................................10

*Colo. River Water Conservation Dist. v. United States,*
    424 U.S. 800 (1976)...........................................................................................1, 2, 5, 13

*Crosby v. Beam,*
    548 N.E.2d 217 (Ohio 1989) ...........................................................................................15

*Davis v. DCB Fin. Corp.,*
    259 F. Supp. 2d 664 (S.D. Ohio 2003) ...................................................................11, 12, 19

*DLX, Inc. v. Kentucky,*
    381 F.3d 511 (6th Cir. 2004) .............................................................................................5

*Dover Chem. Corp. v. U.S. Fish & Wildlife Serv.,*
    No. 5:10cv1700, 2011 WL 2461897 (N.D. Ohio June 17, 2011).......................................6

*Everett v. Verizon Wireless, Inc.,*
    460 F.3d 818 (6th Cir. 2006) ...........................................................................................11

*Exxon Mobile Corp. v. Allapattah Servs., Inc.,*
    545 U.S. 546 (2005)........................................................................................................10

*Freeland v. Liberty Mut. Fire Ins. Co.*,
632 F.3d 250 (6th Cir. 2011) ................................................................11

*Grand Council of Ohio v. Owens*,
620 N.E.2d 234 (Ohio Ct. App. 1993)................................................14, 15, 16, 17

*Henkel v. Aschinger*,
962 N.E.2d 395 (Ohio Ct. C.P. 2012)............................................15, 16

*Hertz Corp. v. Friend*,
130 S. Ct. 1181 (2010)................................................................5, 10

*Horattas v. Citigroup Fin. Mkts., Inc.*,
532 F. Supp. 2d 891 (W.D. Mich. 2007) ................................................7

*In re Ferro Corp. Derivative Litig.*,
511 F.3d 611 (6th Cir. 2008)................................................................6

*In re Keithley Instruments, Inc., Derivative Litig.*,
599 F. Supp. 2d 875 (N.D. Ohio 2008)................................................17

*In re Keithley Instruments, Inc., Derivative Litig.*,
599 F. Supp. 2d 908 (N.D. Ohio 2009)................................................3

*In re Keithley Instruments, Inc. Sec. Litig.*,
268 F. Supp. 2d 887 (N.D. Ohio 2002)................................................7

*In re Textainer P'ship Sec. Litig.*,
No. C 05-0969 MMC, 2005 WL 1791559 (N.D. Cal. July 27, 2005) ....................7

*Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Group, Inc.*,
No. CIV. 3:05-0451, 2005 WL 2000658 (M.D. Tenn. Aug. 18, 2005)....................9

*Iron Workers of W. Penn. Pension Plan v. Caremark RX, Inc.*,
No. 3:06-1097, 2007 WL 60927 (M.D. Tenn. Jan. 5, 2007) ................................14

*Lowry v. LegalZoom.com, Inc.*,
No. 4:11CV02259, 2012 WL 2953109 (N.D. Ohio July 19, 2012)......................10

*Murray & Murray Co., LPA Profit Sharing Plan & Trust v. Performance Indus., Inc.*,
701 N.E.2d 475 (Ohio Ct. C.P. 1998)............................................15, 16

*O'Bryan v. Holy See*,
556 F.3d 361 (6th Cir. 2009) ................................................................10

*Romine v. Compuserve Corp.*,
160 F.3d 337 (6th Cir. 1998) ................................................................13, 14

*Rossello v. Gill,*
No. 3-12-0493, 2012 WL 5838160 (M.D. Tenn. Nov. 16, 2012)...........................................12

*Rubin v. Mercer Ins. Group, Inc.,*
No. Civ. A. 10-6816 MLC, 2011 WL 677466 (D.N.J. Feb. 15, 2011).....................................8

*Texas v. United States,*
523 U.S. 296 (1998)............................................................................................................18

*United Steelworkers, Local 2116 v. Cyclops Corp.,*
860 F.2d 189 (6th Cir. 1988) .......................................................................................18, 19

*V&M Star Steel, LP v. Centimark Corp.,*
596 F.3d 354 (6th Cir. 2010) ...............................................................................................13

*Vaughn v. Holiday Inn Cleveland Coliseum,*
56 Fed. Appx. 249 (6th Cir. 2003)........................................................................................13

*Warren Tel. Co. v. Staton.,*
189 N.E. 660 (Ohio Ct. App. 1933).....................................................................................15

*Weston v. Weston Paper & Mfg. Co.,*
658 N.E.2d 1058 (Ohio 1996) .............................................................................15, 16, 17

*Williams v. Tex. Commerce Trust Co. of N.Y.,*
No. 05-1070-CV-W-GAF, 2006 WL 1696681 (W.D. Mo. June 15, 2006)...............................8

## STATUTES & RULES

15 U.S.C. § 77b(a)(1)...........................................................................................................7

15 U.S.C. § 77p(f)(3) ...........................................................................................................7

15 U..S.C. § 77r(b).................................................................................................................7

28 U.S.C. § 1332....................................................................................................................6

28 U.S.C. § 1332(a) .............................................................................................6, 10, 11, 13

28 U.S.C. § 1332(d) ....................................................................................................1, 6, 10

28 U.S.C. § 1332(d)(2) ..........................................................................................................6

28 U.S.C. § 1332(d)(4) ..........................................................................................................9

28 U.S.C. § 1332(d)(9) ......................................................................................................7, 8

28 U.S.C. § 1332(d)(9)(A).................................................................................................7, 8, 9

28 U.S.C. § 1332(d)(9)(B)..................................................................................................7, 9

28 U.S.C. § 1332(d)(9)(C) ..................................................................................7, 8, 9

Fed. R. Civ. P. 8(a) .................................................................................................10

Fed. R. Civ. P. 23.1 ......................................................................................2, 14, 17

Fed. R. Civ. P. 12(b)(1).................................................................................5, 6, 10

Fed. R. Civ. P. 12(b)(6).............................................................................................5

Ohio. R. Civ. P. 23.1 ..............................................................................................17

**OTHER AUTHORITIES**

S. Rep. 109-14 (Feb. 28, 2005)................................................................................7

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Adrienne Ferraro Mueller, do hereby depose and state that the following Memorandum of Law in Support of the Weiss Defendants' Motion to Dismiss or to Stay complies with the page limitations set forth in Local Rule 7.1(f).

s/ Adrienne Ferraro Mueller
Adrienne Ferraro Mueller
E-mail:  afmueller@jonesday.com
[Ohio Bar Registration No. 0076332]
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:     (216) 586-3939
Facsimile:      (216) 579-0212

*One of the attorneys for Weiss Defendants*

## STATEMENT OF THE ISSUES

1.      <u>Subject Matter Jurisdiction.</u>  Does the Court lack subject matter jurisdiction over plaintiffs' claims because the Class Action Fairness Act does not extend to claims that involve issues of corporate governance brought under state law and plaintiffs have not otherwise established diversity jurisdiction?

2.      <u>Abstention.</u>  Should the Court abstain from exercising jurisdiction over these actions under the *Colorado River* doctrine where six class actions involving precisely the same issues are already proceeding in state court?

3.      <u>Failure to Plead a Derivative Claim.</u>  Should the Court dismiss these actions because plaintiffs lack standing to bring a direct action and plaintiffs failed to satisfy the pleading requirements for a derivative action under Federal Rule of Civil Procedure 23.1?

4.      <u>Ripeness.</u>  Are plaintiffs' claims ripe for judicial determination where substantial events vital to their claims have not yet and may not ever occur?

## PRELIMINARY STATEMENT

Plaintiffs' claims belong in state court, if and when they belong anywhere.  Indeed, before plaintiffs filed their claims in federal court, a half-dozen suits making the same allegations were already pending in the Cuyahoga County Common Pleas Court before Judge Richard McMonagle.  Whether plaintiffs' federal claims constitute an attempted end-run around Judge McMonagle's jurisdiction, or whether plaintiffs in their zeal to file merely neglected to notice the state court cases, is ultimately irrelevant.  Plaintiffs have filed state-court claims in federal court.  These claims should either be dismissed for lack of subject matter jurisdiction or the actions stayed pursuant to the *Colorado River* abstention doctrine.[1]

The complaints allege facts to support jurisdiction under the Class Action Fairness Act ("CAFA") § 4, 28 U.S.C. § 1332(d) (2012).  But CAFA specifically carves out from its jurisdiction suits concerning issues of corporate governance brought under the laws of a company's home state.  As explained below, and in the companion motions to dismiss filed on behalf of defendant American Greetings[2], these cases fall under an explicit exception to CAFA.  Since CAFA does not provide jurisdiction, and because no other jurisdictional basis is or could be properly alleged, the cases should be dismissed.   Separately, the Court has the discretion to dismiss or stay these actions in favor of the pending Cuyahoga County cases pursuant to

---

[1] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

[2] Defendants Elie Weiss, Gary Weiss, Jeffrey Weiss, Judith Weiss, Morry Weiss, and Zev Weiss (the "Weiss Defendants") join in the motions to dismiss and memorandum in support thereof filed on behalf of defendant American Greetings.  (*Wolfe*, D.I. 17-1, cited as "AM Mot.")  The Weiss Defendants submit this memorandum in support of their motion to dismiss or to stay to provide additional bases for dismissal of the actions as to all parties, as well as to advance certain related arguments in support of dismissal of the claims for breach of fiduciary duty targeting the Weiss Defendants.  The remaining defendants have not yet been served.  Despite defendants' belief that jurisdiction does not exist for plaintiffs' claims, the Weiss Defendants nevertheless intend to answer the Complaint on or before January 14, 2013 in response to this Court's standing Civil Trial Order, at 2, barring earlier entry of an order by this Court on the instant motion.

*Colorado River.*  Simply put, given the earlier-filed actions pending before a state court interpreting state-law issues, this Court should defer and allow the cases to proceed in Cuyahoga County before Judge McMonagle.

Even if the claims were properly brought in federal court (and they are not), and this Court declined to abstain in light of *Colorado River* (which it should not), the complaints contain substantive flaws that independently compel dismissal.  First, the cases seek relief in the form of corporate action.  They are classic derivative claims, and plaintiffs therefore are bound to comply with the pleading requirements of Fed. R. Civ. P. 23.1.  But they do not.  Second, plaintiffs' allegations amount to nothing more than supposed concerns about possible *future* breaches of fiduciary duty, none of which have occurred.  At their core, the complaints allege that some of the Weiss Defendants have proposed to "take the company private" by expressing an interest in acquiring all outstanding shares of American Greetings Class A Common Stock.  The complaints speculate that members of the board of directors will fail to follow the appropriate steps required when negotiating a deal with the Weiss Defendants and related parties.  But such allegations of potential future harm do not give rise to claims against the Weisses *now*.

While the jurisdictional and *Colorado River* issues largely moot any substantive analysis of plaintiffs' underlying claims, should the Court exercise jurisdiction, these defects doom the complaints.  They should be dismissed.

## FACTUAL BACKGROUND

American Greetings (or the "Company") is an Ohio Corporation headquartered in Cleveland.  *Wolfe* Compl. ¶ 7.  The Company is primarily involved in the design, manufacture, and sale of greeting cards and other giftware worldwide.  *Id.*  Defendants Morry, Jeffrey, and Zev Weiss are members of the Company's board of directors ("the Board"); Morry is the Board's Chairman.  *Id.* ¶¶ 8-10.  Jeffrey is the Company's President and Chief Operating

Officer; Zev is Chief Executive Officer; Gary is a Vice President.  *Id.* ¶¶ 9-10, 12.  Judith Weiss

is the wife of Morry Weiss; Elie Weiss is the son of Morry Weiss and brother to Jeffrey, Zev,

and Gary Weiss.  *Id.* ¶¶ 11, 15.  Plaintiffs purport to be holders of the Company's Class A

Common Stock, though neither alleges the extent of ownership.  *Id.* ¶ 6; *LAMPERS* Compl. ¶ 13.

On September 25, 2012, Jeffrey and Zev Weiss delivered a letter to the Board expressing

the interest of certain of the Weiss Defendants and related entities (collectively, the "13D

Group") in acquiring all outstanding shares of the Company for $17.18 per share (the

"Expression of Interest").  *See* Exhibit A to the Declaration of Adrienne Ferraro Mueller

("Mueller Decl. Ex. __"), at Ex. 1.[3]  Several weeks later, on October 19th, the Company

announced the formation of a committee of certain independent members of the Board (the

"Special Committee").  *Wolfe* Compl. ¶ 34; Mueller Decl. Ex. B (American Greetings Press

Release (Oct. 19, 2012)).  The Special Committee is tasked with consideration of the 13D

Group's Expression of Interest, and authorized to, among other things, "review and evaluate

other options available to the company." Mueller Decl. Ex. B; *Wolfe* Compl. ¶ 34.

Almost as soon as the Expression of Interest became public, various law firms announced

"investigations" into the potential transaction, soliciting clients to serve as plaintiffs in the

inevitable lawsuits challenging the transaction's validity.[4]  A flurry of suits subsequently were

---

[3] The Court may take judicial notice of matters of public record, including the contents of documents filed with the Securities and Exchange Commission ("SEC").  *See Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 603-04 (6th Cir. 2005) (affirming dismissal and noting that district court's consideration of prospectus filed with motion to dismiss did not convert motion to one for summary judgment); *In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 908, 917 (N.D. Ohio 2009) (court may consider matters of public record on motion to dismiss).  Copies of unreported cases cited herein are submitted as Mueller Decl. Ex. C.

[4] One of the attorneys for plaintiff Wolfe was "investigating" the Expression of Interest within hours of its disclosure. *See American Greetings Corp. Board of Directors Under Investigation for Potential Breaches of Fiduciary Duty by Glancy Binkow & Goldberg LLP*, Yahoo! Finance (Sep. 26, 2012, 6:10 p.m.), http://finance.yahoo.com/news/american-greetings-

filed in state court, the first of which was filed on September 27—one day after the letter was publicly filed with the SEC.[5]  All told, seven state lawsuits were filed between September 27 and November 1 in the Cuyahoga County Court of Common Pleas.[6]  The actions seek declaratory, injunctive, and other equitable relief on purported class and derivative claims stemming from alleged breaches of fiduciary duty by the 13D Group and other members of the Board and the alleged lack of independence of the Special Committee.  *See, e.g.*, *Int'l Union* Compl. ¶¶ 71-77; *IBEW Pension Fund* Compl. ¶¶ 55-57.  All actions have been consolidated with *Carter* on the court's Commercial Docket before Judge Richard McMonagle.[7]

Only after each of the state actions was filed did plaintiffs Wolfe and LAMPERS file claims in federal court, on November 6 and 9, respectively.  Though narrower in scope, plaintiffs' basic allegations here mirror those asserted in state court—they seek declaratory and injunctive relief based on the 13D Group's alleged breach of fiduciary duties and the Special Committee's alleged lack of independence.  *See, e.g.*, *Wolfe* Compl. ¶¶ 60-79; *LAMPERS* Compl. ¶¶ 53-72.

---

(continued…)

corp-board-directors-221000389.html (Mueller Decl. Ex. D).  *See also Law Offices of Howard G. Smith Announces Investigation of American Greetings Corp.*, Yahoo! Finance (Oct. 31, 2012, 1:02 p.m.), http://finance.yahoo.com/news/law-offices-howard-g-smith-170200414.html (Mueller Decl. Ex. E).

[5] *Carter v. Weiss*, No. CV 12-792421 (Sep. 27, 2012) ("*Carter*").

[6] *Carter*; *IBEW Local 98 Pension Fund v. Weiss*, No. CV 12-793292 (Oct. 11, 2012) ("*IBEW Local 98*"); *Hassett v. Weiss*, No. CV 12-793463 (Oct. 12, 2012) ("*Hassett*"); *Coyne v. Am. Greetings Corp.*, No. CV 12-793599 (Oct. 16, 2012) ("*Coyne*"); *IBEW Local Union 98 v. Weiss*, No. CV 12-793906 (Oct. 19, 2012) ("*IBEW Local Union*") (dismissed); *N.Y. Hotel Trades Council & Hotel Ass'n, Inc. Pension Fund v. Weiss*, No. CV 12-794541 (Oct. 29, 2012) ("*N.Y. Hotel*"); *Int'l Union of Operating Egr'rs Local 30 Annuity & Pension Funds v. Am. Greetings Corp.*, No. CV 12-794747 (Nov. 1, 2012) ("*Int'l Union*").  Copies of the state complaints for the pending actions are attached to AM Mot. as Exhibits B-G, respectively.

[7] Indeed, Judge McMonagle already has entered an order appointing Lead Plaintiffs and Lead Counsel in the now-consolidated action, *In re American Greetings Corp. Shareholder Litigation*, Lead Case No. CV-792421.  *See* Mueller Decl. Ex. F.

Meanwhile, there has been no response—other than nine lawsuits—to the 13D Group's initial Expression of Interest.  The Special Committee has neither accepted nor rejected any potential transaction.  The Company has made no public comment regarding the Expression of Interest since the Special Committee was appointed.

## ARGUMENT

The Weiss Defendants move for dismissal under Rule 12(b)(1) because CAFA does not extend federal jurisdiction to class actions that are based on the corporate governance laws of the state in which the company is incorporated or those that concern a security or relate to duties arising from a security.  Absent CAFA, plaintiffs' claims fail under a traditional diversity jurisdiction analysis.  Plaintiffs bear the burden of establishing jurisdiction.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1189 (2010).   On the facts alleged, they cannot establish jurisdiction, and their claims should be dismissed.

Alternatively, the Weiss Defendants ask the Court to abstain from exercising jurisdiction in favor of the ongoing, parallel proceedings in state court.  *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  Courts evaluate motions for abstention as Rule 12(b)(1) challenges to subject matter jurisdiction.  *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 519 (6th Cir. 2004) (affirming dismissal under Rule 12(b)(1) on abstention grounds).

The Weiss Defendants alternatively move for dismissal under Rule 12(b)(6) because plaintiffs fail adequately to plead their actions as derivative claims.  When determining whether to grant a Rule 12(b)(6) motion, courts "must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff," but need not "accept as true legal conclusions or unwarranted factual inferences." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 617 (6th Cir. 2008) (internal citation omitted).

Finally, the Weiss Defendants move for dismissal because plaintiffs' claims are not ripe for judicial determination.  Motions to dismiss for lack of ripeness are evaluated under Rule 12(b)(1).  *See Dover Chem. Corp. v. U.S. Fish & Wildlife Serv.*, No. 5:10cv1700, 2011 WL 2461897, at *7 (N.D. Ohio June 17, 2011) (dismissing declaratory judgment action as not ripe for review).

## I.    The Complaints Should Be Dismissed For Want Of Subject Matter Jurisdiction.

Without citation to any subsection of 28 U.S.C. § 1332, plaintiffs assert that this Court has jurisdiction over the actions because "complete diversity exists between Plaintiff and each of the Defendants and the amount in controversy exceeds $5,000,000 exclusive of interest and costs."  *See Wolfe* Compl. ¶ 22; *LAMPERS* Compl. ¶ 10.  The Weiss Defendants assume this is an attempt to invoke CAFA jurisdiction.  *See* 28 U.S.C. §1332(d)(2).  Claims like plaintiffs', however, fall squarely *outside* of the jurisdiction granted by CAFA because of exceptions contained in CAFA itself.  Even if plaintiffs' claims were not specifically excepted from CAFA's jurisdictional grant, plaintiffs nevertheless fail to satisfy the amount in controversy requirements of both 28 U.S.C. § 1332(a) and (d).  They admittedly seek predominantly injunctive, declaratory, and other equitable relief, but they wholly fail to allege the monetary value of that non-compensatory relief.

### A.    Plaintiffs' Claims Fall Within The Corporate Governance Exceptions Of § 1332(d)(9).

CAFA provides for federal jurisdiction over class actions with over $5 million in controversy and at least one class member diverse from any defendant.  28 U.S.C. § 1332(d)(2).  CAFA also sets forth specific exceptions to its jurisdiction.  *See, e.g.*, *Am. Gen. Fin. Servs. v. Griffin*, 685 F. Supp. 2d 729, 732-37 (N.D. Ohio 2010) (granting motion to remand where plaintiff's claims fell within CAFA's local controversy exception).  Among other exceptions,

28 U.S.C. § 1332(d)(9) specifically excepts from CAFA jurisdiction those class actions that

solely involve a claim:

> A) concerning a covered security …[8];
>
> B) that relates to the internal affairs or governance of a corporation
> … and that arises under or by virtue of the laws of the state in
> which such corporation … is incorporated or organized; or
>
> C) that relates to the rights, duties (including fiduciary duties), and
> obligations relating to or created by or pursuant to any security.…[9]

The allegations of *Wolfe* and *LAMPERS* fit squarely within each of the § 1332(d)(9) exceptions

(the so-called "corporate governance exceptions"), and, as such, the Court is without subject

matter jurisdiction over all plaintiffs' claims.

    1.      Plaintiffs' Claims  Relate Solely To The Internal Affairs Of American
              Greetings.

    Under CAFA, federal courts do not have jurisdiction over those class actions that solely

involve state-law claims relating to a corporation's internal affairs.  28 U.S.C. § 1332(d)(9)(B).

That exception applies, and  the complaints should be dismissed because the Court lacks subject

matter jurisdiction.  *See also In re Textainer P'ship Sec. Litig.*, No. C 05-0969 MMC, 2005 WL

1791559, at *4 (N.D. Cal. July 27, 2005) (defining internal affairs as those "matters peculiar to

the relationships among or between the corporation and its current officers, directors, and

shareholders'") (quoting S. Rep. 109-14, at 45, (Feb. 28, 2005)).  American Greetings

---

    [8]A "covered security" for the purposes of § 1332(d)(9)(A) includes a security listed on a
national exchange, such as the New York Stock Exchange ("NYSE").  15 U.S.C. §§ 77p(f)(3),
77r(b).  The Court may take judicial notice that American Greetings stock is listed on the NYSE
under the symbol "AM."  *See Horattas v. Citigroup Fin. Mkts., Inc.*, 532 F. Supp. 2d 891, 898-
99 (W.D. Mich. 2007) (granting dismissal; taking judicial notice that the stocks in question were
covered securities under the Securities Litigation Uniform Standards Act because they were
traded on the NYSE or NASDAQ); *see also In re Keithley Instruments, Inc. Sec. Litig.*, 268 F.
Supp. 2d 887, 896 n. 6 (N.D. Ohio 2002) (granting dismissal; taking judicial notice of well
publicized stock prices and market indices).
    [9] A "security" for the purposes of § 1332(d)(9)(C) includes corporate stock.  15 U.S.C.
§ 77b(a)(1).

extensively briefed this issue in connection with its motion to dismiss, and the Weiss Defendants incorporate those arguments here.  *See* AM Mot. at 6-9.

> 2.    Plaintiffs' Claims Also Fall Within The § 1332(d)(9)(A) And (C)
> Exceptions Because They Concern A Covered Security And The
> Associated Duties To Shareholders Of American Greetings.

Courts have broadly applied two other corporate governance exceptions to exclude from federal court jurisdiction those class actions involving claims for breach of fiduciary duty that are "related to" a security.[10]  The District of New Jersey recently held that two of the corporate governance exceptions (28 U.S.C. § 1332(d)(9)(A) and (C)) applied to a class action involving claims equivalent to those at issue here—breach of fiduciary duties and aiding and abetting breach of fiduciary duties—arising out of a proposed merger.  *See Rubin v. Mercer Ins. Group, Inc.*, No. Civ. A. 10-6816 MLC, 2011 WL 677466 (D.N.J. Feb. 15, 2011) (remanding for lack of subject matter jurisdiction a purported class action challenging the acquisition of all outstanding shares of a publicly-traded company).  The court found that § 1332(d)(9)(A) applied because the claims related to covered stock and the stock was the "lynchpin" for the plaintiff's breach of fiduciary duty claims.  *Id.* at *3 (finding that the action "solely involve[d] a claim concerning a covered security") (quoting 28 U.S.C. § 1332(d)(9)(A)).

The court also found that § 1332(d)(9)(C) would apply because plaintiff's claims related to the "rights, duties, and obligations created by virtue of Plaintiff's ownership of [company] stock, in that both claims asserted pertain to the alleged breach of fiduciary duty."  *Id.* at *4.  *See also BlackRock Fin. Mgmt. Inc. v. Segregated Account of AMBAC Assurance Corp.*, 673 F.3d

_____

[10] For example, courts have held that a class action containing claims related to alleged breaches of fiduciary duties arising from a trust indenture fell under CAFA's exception for claims related to duties or obligations under a security (28 U.S.C. § 1332(d)(9)(C)).  *See, e.g., Williams v. Tex. Commerce Trust Co. of N.Y.*, No. 05-1070-CV-W-GAF, 2006 WL 1696681, at *5 (W.D. Mo. June 15, 2006) (finding claims related to trust indentures and debentures within § 1332(d)(9)).

169, 179 (2d Cir. 2012) (clarifying that § 1332(d)(9)(C) applies not only to rights, duties, and obligations created by the security itself, but also to those "superimposed by a state's corporation law or common law on the relationships underlying that document") (internal citation omitted); *Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Group, Inc.*, No. CIV 3:05-0451, 2005 WL 2000658 (M.D. Tenn. Aug. 18, 2005) (remanding shareholder class action challenging proposed merger because it fit the § 1332(d)(9)(C) exception).

American Greetings is a "covered security" because it is traded on the NYSE under the symbol "AM."  *See Wolfe* Compl. ¶ 7.  As a result, the § 1332(d)(9)(A) exception applies.

The § 1332(d)(9)(C) exception also applies because all of plaintiffs' claims relate solely to the rights, duties, and obligations created by virtue of their ownership of American Greetings stock.  Count One of plaintiffs' complaints alleges a breach of defendants' fiduciary duty to the shareholders, a duty imposed by state common law and arising out of the relationship between defendants and American Greetings shareholders.  Count Two seeks a declaration regarding defendants' duties and ability to create a special committee to evaluate the 13D Group's Expression of Interest, which also arises from the relationship between defendants as directors and plaintiffs as shareholders.[11]

The jurisdictional exceptions of § 1332(d)(9)(A), (B), and (C) apply to plaintiffs' claims.[12]  As such, jurisdiction is not proper under CAFA.

---

[11] Section 1332(d)(9)(C) applies equally to actions seeking to enforce the rights, duties, and obligations arising from a security and actions seeking a declaration as to what those rights, duties, and obligations may be.  *BlackRock Fin. Mgmt.*, 673 F.3d at 178.

[12] Plaintiffs' claims also fall within the "local controversy" exception to CAFA.  28 U.S.C. § 1332(d)(4).  *See Am. Gen. Fin. Servs.*, 685 F. Supp. 2d at 732-37.

**B.    The Court Cannot Assert Jurisdiction Under Either § 1332(a) Or (d) Because The Relief Sought By Plaintiffs Does Not Satisfy The Amount In Controversy Requirement.**

Plaintiffs' allegations are not sufficient to support traditional diversity jurisdiction under 28 U.S.C. § 1332(a).  A plaintiff seeking to bring an action in federal court carries the burden of establishing diversity jurisdiction, and, when that jurisdiction is challenged, must support those allegations with competent proof.  Fed. R. Civ. P. 8(a); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194 (2010).  Plaintiffs cannot do so here because their claims do not meet the amount-in-controversy requirement of diversity jurisdiction under § 1332(a).

Jurisdiction under § 1332(a) requires complete diversity of citizenship and an amount in controversy in excess of $75,000.[13]  In class actions, at least one class member must satisfy the jurisdictional amount.  *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559-60 (2005).  "Generally, the amount claimed by the plaintiff in the complaint rules, as long as claimed in good faith . . .  Dismissal is proper, however, if the amount alleged was never recoverable in the first instance."  *Charvat v.GVN Mich., Inc.*, 561 F.3d 623, 628 (6th Cir. 2009).  Moreover, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009) (internal citation omitted) (affirming the district court's partial dismissal under Rule 12(b)(1)); *see also Lowry v. LegalZoom.com, Inc.*, No. 4:11CV02259, 2012 WL 2953109, at *1 (N.D. Ohio July 19, 2012) (granting dismissal under Rule 12(b)(1)).

Plaintiffs allegations of $5,000,000 in controversy appear to relate to CAFA and the proposed class as a whole.  *Wolfe* Compl. ¶ 22; *LAMPERS* Compl. ¶ 10.  Neither complaint

---

[13] The amount-in-controversy requirement is less stringent under § 1332(a) ($75,000, exclusive of interest and costs) than § 1332(d) ($5,000,000).  As such, plaintiffs' inability to satisfy the requirement under § 1332(a) necessarily means a failure to satisfy § 1332(d).

contains allegations suggesting that the individual amount in controversy meets the $75,000 threshold of 28 U.S.C. § 1332(a).  The complaints are wholly void of allegations as to the extent of plaintiffs' ownership of American Greetings stock.  There is, of course, no announced deal and therefore no deal price off of which plaintiffs claim a pecuniary loss.  Any assertion of individual amount in controversy is therefore purely speculative.

Plaintiffs recognize that these are not damages cases in their motion to consolidate, expressly conceding instead that "[b]oth complaints seek predominantly injunctive, declaratory and other equitable relief."  *Wolfe* Pls' Mot. for Consolidation & Appointment of Co-Lead Pls & Co-Lead Counsel, D.I. 10, at 10.  *See also Wolfe* Compl. ¶¶ 1, 5, 65, 78; *LAMPERS* Compl. ¶ 71.[14]  But claiming injunctive relief does not establish jurisdiction here.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) (internal citation omitted).  Courts in this Circuit have held that "[t]he costs of complying with an injunction . . . *may* establish the amount in controversy."  *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (emphasis added) (ordering remand because the removing defendant failed to show "more than . . . a mere possibility" that the cost of an injunction exceeded the jurisdictional amount).  Nevertheless, a plaintiff who bases diversity jurisdiction on the value of injunctive relief must show that the "benefit to be obtained from the injunction is ***sufficiently measurable and certain*** to satisfy the . . . amount in controversy requirement."  *Davis v. DCB Fin. Corp.*, 259 F. Supp. 2d 664, 675

---

[14] While Wolfe seeks rescissionary damages, such damages are not recoverable given that the Court cannot rescind a transaction that has not yet occurred (or even been agreed upon). Regardless, Wolfe's allegations do not suggest that the amount of rescissionary damages would exceed the jurisdictional amount, as he has alleged neither the number of shares held nor the amount by which those shares are hypothetically undervalued.  It is impossible to ascertain such an amount before a transaction price—for an uncertain transaction—is agreed upon.

(S.D. Ohio 2003) (emphasis added) (internal citation omitted); *see also id.* at 677 (holding that "[w]hether inspection of the corporate records would lead in the future to any benefit to plaintiff in the form of an increase in the value of his shares is too speculative and immeasurable to satisfy the amount in controversy requirement.") (internal citation omitted).

Just last month, another court within the Sixth Circuit held that where (like here) the alleged benefit to be obtained is not sufficiently measurable and certain, the complaint must be dismissed for failure to satisfy the jurisdictional requirements.  *See, e.g.*, *Rossello v. Gill*, No. 3-12-0493, 2012 WL 5838160, at *2 (M.D. Tenn. Nov. 16, 2012).  In *Rossello*, the plaintiff alleged that the members of the board of directors breached their fiduciary duties by failing to consider a potential acquisition of the company by a third party.  *Id.* at *1.  The plaintiff made a conclusory allegation that "the amount in controversy exceeded $75,000" and sought an injunction against the board adopting measures to prevent a takeover.  *Id.* at *1, *3.[15]  The court held that the plaintiff did not meet the pleading burden associated with the amount in controversy, because he did not ascribe a monetary cost or benefit to the injunction; the court would not speculate as to what it might have been worth.  *Id.* at *3 (concluding that plaintiff "must support his assertion with competent proof, which means proof to a reasonable probability that jurisdiction exists").

While both plaintiffs seek declaratory and injunctive relief, neither sets forth facts showing that the cost or benefit of that relief is sufficiently measurable or certain to satisfy the amount in controversy requirement.  The principal effect of plaintiffs' desired remedies would be (1) to prevent the Special Committee from moving forward with any form of transaction based on the 13D Group's September 25, 2012 Expression of Interest and (2) to create a "truly

---

[15] Plaintiff also sought "appropriate compensatory damages," but the court held this did not satisfy the amount in controversy requirement, in part because plaintiff did not indicate how many shares he owned.  *Rossello*, 2012 WL 5838160, at *3.

independent" committee of the board of directors to negotiate with the 13D Group. *Wolfe* Compl. Prayer for Relief; *LAMPERS* Compl. Prayer for Relief. Because no transaction has been announced or even agreed upon, the pleadings cannot (and do not) state what the benefit of this relief would be to the plaintiffs, nor what the cost would be to defendants. As in *Davis* and *Rossello*, whether negotiations by the Special Committee or a newly-formed special committee would lead to an increase in the hypothetical acquisition price is too speculative to satisfy the amount-in-controversy requirement. Any newly-constituted committee could move forward with the current proposal, in which case plaintiffs would accrue no monetary benefit at all. And, if any new committee declined to move forward with any transaction, plaintiffs have not alleged, let alone with any reasonable degree of probability, that they would receive another, higher offer or that the share price of American Greetings stock would increase.[16]

## II. The Court Should Abstain From Exercising Jurisdiction In Light Of The Parallel State Court Proceedings.

The Weiss Defendants incorporate the arguments of American Greetings (AM Mot. at 9-14) that the Court should dismiss (or stay) the *Wolfe* and *LAMPERS* actions in deference to the earlier-filed proceedings in state court. The proceedings are parallel, and the balance of factors enumerated in *Colorado River* and its progeny weigh in favor of abstention. *See, e.g.*, *Romine v. Compuserve Corp.*, 160 F.3d 337, 338 (6th Cir. 1998) (affirming stay of a shareholder class

---

[16] Wolfe also fails to sustain his burden of establishing jurisdiction under § 1332(a) for his separate failure to allege the citizenship of himself and several defendants in his complaint. Diversity jurisdiction under § 1332(a) requires complete diversity of citizenship between all plaintiffs and all defendants. *See, e.g., V&M Star Steel, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). In its complaint, a plaintiff "must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 Fed. Appx. 249, 250 (6th Cir. 2003) (internal citation omitted) (affirming dismissal due to plaintiff's failure to allege the citizenship of certain defendants). Wolfe failed to state his own citizenship as well as that of several defendants; the Court should not assert jurisdiction over his claims under § 1332(a) because it cannot determine whether there is sufficient diversity between Wolfe and the defendants.

action related to initial public offering in favor of concurrent state court class actions with substantially similar allegations); *Iron Workers of W. Penn. Pension Plan v. Caremark RX, Inc.*, No. 3:06-1097, 2007 WL 60927, at *4 (M.D. Tenn. Jan. 5, 2007) (finding state and federal class action merger challenges to be parallel despite the federal action's inclusion of the acquirer as a defendant where the state action did not).

## III.  Plaintiffs' Improper Attempts To Plead Their Claims Directly Must Be Rejected.

Seeking to avoid the requirements of Rule 23.1, plaintiffs have styled their fiduciary duty claims directly, rather than derivatively.  But plaintiffs do not allege injury separate and distinct from other shareholders of American Greetings.  Their claims as to the Weiss Defendants are derivative in nature. They claim the Weiss Defendants have fiduciary duties as "controlling shareholders" and that the harm will affect all other owners by virtue of improper actions by American Greetings.  *Wolfe* Compl. ¶ 57(d); *LAMPERS* Compl. ¶ 52(b).  Moreover, plaintiffs have failed to satisfy the requirements of Rule 23.1—plaintiffs neither made a demand on the Board of American Greetings nor plead demand futility **with particularity**.  As such, they do not possess standing to assert derivative claims.[17]

### A.  Because Plaintiffs Fail To Allege A Separate And Distinct Injury From That Of Other Shareholders, Their Claims Are Derivative In Nature.

Ohio law does not permit a shareholder to bring a fiduciary duty claim on behalf of a putative class of shareholders as a direct action.  "As a general proposition, actions for breach of fiduciary duties are to be brought in derivative suits."  *Grand Council of Ohio v. Owens*, 620 N.E.2d 234, 238 (Ohio Ct. App. 1993); *Adair v. Wozniak*, 492 N.E.2d 426, 428 (Ohio 1986)

---

[17] The Weiss Defendants incorporate the arguments of American Greetings (AM Mot. at 14-17) that plaintiffs' declaratory judgment claims should be dismissed for lack of standing.  The rationale offered by American Greetings applies equally in support of dismissal of the fiduciary duty claims advanced by plaintiffs against the Weiss Defendants.

("[O]nly a corporation and not its shareholders can complain of an injury sustained by, or a wrong done to, the corporation.").[18]  That is because a claim for breach of fiduciary duty is "based upon rights of action which belong to the corporation itself."  *Grand Council*, 620 N.E.2d at 238.  This is true "even though in an economic sense real harm may well be sustained by the shareholders as a result of . . . diminution in the value of ownership."  *Adair*, 492 N.E.2d at 429; *Henkel v. Aschinger*, 962 N.E.2d 395, 403 (Ohio Ct. C.P. 2012) ("[D]iminution in the value of stock resulting from a wrong to the corporation is ordinarily a derivative claim and not a direct or class claim.") (internal citation omitted).  It is the corporation that maintains the right to recover because the "damage which results from the fraudulent or negligent management of the corporation is primarily damage to the corporation and to the corporate assets; it affects the stockholders only indirectly."  *Grand Council*, 620 N.E.2d at 238 (quoting *Warren Tel. Co. v. Staton*, 189 N.E. 660, 663 (Ohio Ct. App. 1933)).

A shareholder cannot bring a direct claim for breach of fiduciary duty unless "injured in a way that is separate and distinct from an injury to the corporation."  *Crosby v. Beam*, 548 N.E.2d 217, 219 (Ohio 1989).  Stated otherwise, shareholders have no independent cause of action when they "fail to show that they are injured in a way different from other shareholders."  *Murray & Murray Co., LPA Profit Sharing Plan & Trust v. Performance Indus., Inc.*, 701 N.E.2d 475, 481 (Ohio Ct. C.P. 1998); *Adair*, 492 N.E.2d at 429 (same).  When "[n]one of the damage [plaintiffs] claim is unique to them," and any injury "occurred to all the other shareholders alike," then "[t]hat is precisely the situation in which derivative actions are required."  *Weston v. Weston Paper & Mfg. Co.*, 658 N.E.2d 1058, 1060 (Ohio 1996).

---

[18] Plaintiffs recognize that Ohio law governs actions, like this one, for breach of fiduciary duty.  *See Wolfe* D.I. 10, at 10.

Plaintiffs cannot avoid the pleading requirements of derivative suits simply by styling their claims as direct actions.  *See Grand Council*, 620 N.E.2d at 237 ("In analyzing whether a complaint states a derivative claim or a direct claim, the court is required to look to the nature of the alleged wrong rather than the designation used by plaintiffs.").  Ohio courts regularly dismiss direct shareholder actions for breach of fiduciary duties because they should have been brought derivatively.[19]

The same result should follow here.  The injury from defendants' alleged (hypothetical) breach of fiduciary duty is to the value of plaintiffs' shares.  *Wolfe* Compl. ¶¶ 2, 28, 62; *LAMPERS* Compl. ¶¶ 2, 9, 31.  This alleged injury is not unique to plaintiffs or distinct from that of other shareholders, each of whom would receive the same exact value if the Board acts in response to the Expression of Interest.  *LAMPERS* Compl. ¶ 30.  Plaintiffs admit as much in their complaints, asserting that they have the same interests as the owners of the more than 28 million outstanding shares of American Greetings Class A Stock.  *Wolfe* Compl. ¶¶ 56-58; *LAMPERS* Compl. ¶ 51.  Plaintiffs do not seek monetary damages but rather injunctive and declaratory relief, aimed at preventing the Board from acting in response to the 13D Group's Expression of Interest.  *Wolfe* Compl. ¶¶ 65-78; *LAMPERS* Compl. ¶¶ 57-71.  Certainly, claims seeking to

---

[19] *See, e.g.*, *Henkel*, 962 N.E.2d at 402-04 (dismissing for failure to plead fiduciary duty claims as a derivative action, noting the complaint "contained nothing that truly differentiates any of the four named plaintiffs from the other public shareholders."); *Weston*, 658 N.E.2d at 1060 (affirming dismissal of direct claim for breach of fiduciary duties where harm alleged, that the directors artificially depressed the company's stock price to benefit their own option plans, was not unique to plaintiffs); *Murray*, 701 N.E.2d at 481 (dismissing direct action regarding sale of a company's assets; "where plaintiffs allege that actions of fiduciaries have directly affected a corporation's value and thereby impaired shareholders' stock value, the appropriate action is a derivative suit"); *Abrahamson v. Waddell*, 624 N.E.2d 1118, 1119 (Ohio Ct. C.P. 1992) (plaintiff lacked standing to directly challenge the board's rejection of an acquisition proposal because the lost opportunity to secure a premium for his shares was damage "all shareholders would suffer" and thus "wholly derivative").

control a corporation's actions and interpret its Articles of Incorporation are "based upon rights of action which belong to the corporation itself." *Grand Council*, 620 N.E.2d at 238.

Because Plaintiffs have not alleged an injury that is separate or distinct from that of other American Greetings shareholders, their claims are "wholly derivative" and they have "no standing to assert an individual claim or a class action against the defendants." *Abrahamson*, 624 N.E. 2d at 1119.

### B.  Plaintiffs' Failure To Comply With Rule 23.1 Is Not Excused.

Rule 23.1 imposes special pleading requirements in derivative actions.  A complaint in a derivative action must "state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority . . .  ; and (B) the reasons for not obtaining the action or not making the effort."  Fed. R. Civ. P. 23.1.  If the plaintiff in a derivative suit fails to meet these requirements, the complaint should be dismissed.  *Grand Council*, 620 N.E.2d at 239 ("plaintiffs lack standing to sue in a derivative action because they have failed to satisfy the pre-suit demand requirements of Civ.R. 23.1."); *Weston*, 658 N.E.2d at 1060 (affirming dismissal in part because plaintiffs failed to meet the requirements of Ohio R. Civ.P. 23.1).[20]

Plaintiffs' allegations fall far short of the requirements of Rule 23.1.  Plaintiffs do not allege at all, much less with particularity, that they made a pre-suit demand or otherwise tried to obtain the action they desire from American Greetings' Board.  Nor do they allege why they should be excused from making such a demand.  Plaintiffs freely admit that "none of the Board members (other than three of the Weiss Defendants) had breached any fiduciary duties when

---

[20] Whether to excuse the failure to make demand is determined under the substantive law of the state of incorporation.  *In re Keithley Instruments, Inc. Derivative Litig.*, 599 F. Supp. 2d 875, 888 (N.D. Ohio 2008).

these suits were filed." *Wolfe* Memo in Support of Mot. for Partial Summ. J., D.I. 11-1, at 3 n.4.

They do not suggest that any non-defendant director has a material financial interest in the

Expression of Interest, and far less than a majority of the Board are members of the 13D Group.

*See Wolfe* Mot. for Partial Summ. J., Rudy Decl. Ex. D., D.I. 11-6, at 11-16.  Plaintiffs make

only cursory allegations regarding the independence of the other non-defendant directors, but

these allegations fall far short of clearing the high bar imposed by Ohio law that the directors

lack the independence to consider a demand.[21]  The complaints fail to meet Plaintiffs' high

burden to plead with particularity why demand should be excused.

## IV.    **Plaintiffs' Claims Are Not Ripe**.

Plaintiffs' claims are speculative and premature and thus not ripe for adjudication.  "A

claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as

anticipated, or indeed may not occur at all.'"  *Texas v. United States*, 523 U.S. 296, 300, 302

(1998) (internal citation omitted) (dismissing an action as not ripe because it was "too

speculative whether the problem Texas presents will ever need solving.").  A case is not

appropriate for judicial determination when it seeks "an opinion advising what the law would be

upon a hypothetical state of facts."  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937).

The Sixth Circuit applies a three factor test to determine whether a case is ripe for

adjudication.  *United Steelworkers, Local 2116 v. Cyclops Corp.*, 860 F.2d 189, 194-95 (6th Cir.

---

[21] Plaintiffs themselves acknowledge the height of this bar when they suggest (albeit incorrectly) that the independence requirements imposed by American Greetings' Articles of Incorporation support a different, more stringent standard than Ohio law.  *See, e.g. Wolfe*, D.I. 10, at 5 ("[T]his requirement differs significantly from the review required under Ohio law for 'independent' directors to approve a related party transaction.").  *See also Wolfe*, D.I. 11-1, at 2 ("Ohio law generally only requires that directors who approve a conflicted transition be disinterested and independent.").  In any event, plaintiffs recognize that the members of the Special Committee *are* independent under the NYSE standards for independence.  *Wolfe* Compl. ¶ 35.

1988).  First, the court must pay "particular attention to the likelihood that the harm alleged by plaintiffs will ever come to pass." *Id*. at 194.  Next, the court must consider whether the factual record of the case is sufficiently developed to produce a fair and complete hearing as to the prospective claims.  *Id*. at 195.  Finally, the court must evaluate the "hardship that refusing to consider plaintiff's prospective claims would impose upon the parties." *Id*.

A claim for breach of fiduciary duty is not ripe for adjudication when the allegedly damaging conduct has not yet occurred and is "not presently foreseeable." *Brown v. Ferro Corp*., 763 F.2d 798, 803 (6th Cir. 1985) (affirming dismissal of fiduciary duty claims on ripeness grounds); *see also Davis v. DCB Fin. Corp.*, 259 F. Supp. 2d 663 (S.D. Ohio 2003) (dismissing derivative action as not ripe because plaintiff's speculation as to the effects of a write down did not demonstrate that the corporation was likely to suffer any damage).

Here, it is far from likely the harm alleged by the plaintiffs here will *ever* come to pass.  The harm alleged is the receipt of less than fair value for plaintiffs' American Greetings stock.  *Wolfe* Compl. ¶ 1-3; *LAMPERS* Compl. ¶ 2.  This harm rests on two assumptions:  that the Special Committee will in fact move forward with a transaction where American Greetings will be taken private by members of the 13D Group, and that the price agreed upon actually will be unfair.  Plaintiffs cannot suffer any harm unless and until the Board responds to the Expression of Interest.  Even if the Special Committee moves forward with a transaction whereby the 13D Group will privatize the Company, there is no indication that the price agreed to would be unfair.  These multiple contingencies demonstrate that plaintiffs' claims are not yet ripe.

Additionally, the Court cannot conduct a fair and complete hearing on the validity of plaintiffs' claims on the current record.  The Special Committee may never accept any offer for the shares; it may accept an offer at a different price.  The Court cannot determine whether a

process is fair before the process occurs, or whether a price is fair before a price is determined.

Adjudicating the case before these facts are known would be unduly prejudicial to defendants.

As to the final factor, plaintiffs would not suffer any hardship, let alone substantial

hardship,  if the Court were to dismiss the action on ripeness grounds.  If the Special Committee

later accepts an offer and purportedly breaches its fiduciary duties in doing so, plaintiffs will be

able to refile their claims or seek appraisal at an appropriate time.  Because substantial events

central to plaintiffs' claims have yet to occur, that time is not now.  *See, e.g.*, *Brown*, 763 F.2d at

802 ("All of this speculation serves to highlight the fact that it is still unclear how these events

will play out, and that judicial intervention at this time would be premature.").

## CONCLUSION

Plaintiffs' pursuit of these actions in federal court is more than a waste of judicial and

party resources; it is an attempt to invoke federal jurisdiction where none exists and where

previously-filed, state-court actions will adjudicate parallel claims.  Even if the Court determines

that jurisdiction exists, it should decline to exercise that jurisdiction in deference to the state-

court proceedings.  On the merits, too, plaintiffs' claims suffer from fatal defects.  The

complaints should be dismissed.

Dated: December 14, 2012                    Respectfully submitted,

                                             s/ Robert S. Faxon
                                            Robert S. Faxon (Ohio Bar No. 0059678)
                                            E-mail:  rfaxon@jonesday.com
                                            Adrienne Ferraro Mueller
                                            (Ohio Bar No. 0076332)
                                            E-mail:  afmueller@jonesday.com
                                            JONES DAY
                                            901 Lakeside Avenue
                                            Cleveland, OH  44114-1190
                                            Telephone:    (216) 586-3939
                                            Facsimile:    (216) 579-0212

                                            *Attorneys for Weiss Defendants*