UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| R. David Wolfe, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>Morry Weiss, et al.,<br><br>　　　　　　Defendants. | CASE NO. 1:12-CV-02776<br><br>JUDGE JAMES S. GWIN<br><br><br>**DEFENDANT AMERICAN GREETINGS CORPORATION'S ANSWER TO COMPLAINT** |

For its answer to Plaintiff's Class Action Complaint ("Complaint"), Defendant American Greetings Corporation states as follows:

### FIRST DEFENSE

Except as otherwise expressly stated, American Greetings denies every allegation contained in the Complaint, including any allegations contained in the Complaint's headings or the materials incorporated by reference.

1. American Greetings admits that the Weiss Family Defendants (as defined by Plaintiff) hold approximately 51% of the voting power of American Greetings' stock, and further admits that these persons are descendants of Jacob Sapirstein. American Greetings denies the remaining allegations contained in paragraph 1.

2. American Greetings denies the allegations contained in paragraph 2.

3. American Greetings denies the allegations contained in paragraph 3.

4. American Greetings denies the allegations contained in paragraph 4.

5. American Greetings denies the allegations contained in paragraph 5.

6. American Greetings is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. American Greetings admits the factual allegations contained in paragraph 7.

8. American Greetings is without knowledge or information sufficient to form a belief as to Morry Weiss's expectation or intent to reinvest or rollover his Class B shares following any going-private transaction. American Greetings admits the remaining factual allegations contained in paragraph 8.

9. American Greetings is without knowledge or information sufficient to form a belief as to Zev Weiss's expectation or intent to reinvest or rollover his Class B shares following any going-private transaction. American Greetings admits the remaining factual allegations contained in paragraph 9.

10. American Greetings is without knowledge or information sufficient to form a belief as to Jeffrey Weiss's expectation or intent to reinvest or rollover his Class B shares following any going-private transaction. American Greetings admits the remaining factual allegations contained in paragraph 10.

11. American Greetings is without knowledge or information sufficient to form a belief as to Elie Weiss's expectation or intent to reinvest or rollover his Class B shares following any going-private transaction. American Greetings admits the remaining factual allegations contained in paragraph 11.

12. American Greetings is without knowledge or information sufficient to form a belief as to Gary Weiss's expectation or intent to reinvest or rollover his Class B shares following any going-private transaction. American Greetings admits the remaining factual allegations contained in paragraph 12.

13. American Greetings is without knowledge or information sufficient to form a belief as to the Irving Stone Limited Liability Company's ("Stone LLC") expectation or intent to reinvest or rollover its Class B shares following any going-private transaction. American Greetings admits the remaining factual allegations contained in paragraph 13.

14. American Greetings admits that its public filings indicate that Morry Weiss, Zev Weiss, Gary Weiss, Jeffrey Weiss and Elie Weiss and Stone LLC may be deemed to have acquired beneficial ownership of an aggregate of 3,046,387 Class B shares, which represent approximately 81.6% of the outstanding Class B shares as of July 2, 2012.

15. American Greetings admits that Judith Weiss is Morry Weiss's wife and that she owns 78,800 Class B shares. American Greetings is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 15.

16. American Greetings admits the factual allegations contained in paragraph 16.

17. American Greetings is without knowledge or information sufficient to form a belief as to the Irving I. Stone Support Foundation's inclusion in the "family owned Series B shareholders" or its intent to participate in the proposed going-private transaction. American Greetings admits the remaining factual allegations contained in paragraph 17.

18. American Greetings is without knowledge or information sufficient to form a belief as to the Irving I. Stone Foundation's inclusion in the "family owned Series B shareholders" or its intent to participate in the proposed going-private transaction. American Greetings admits the remaining factual allegations contained in paragraph 18.

19. Paragraph 19 contains no factual allegations to admit or deny.

20. Paragraph 20 contains no factual allegations to admit or deny.

21. American Greetings denies the allegations contained in paragraph 21.

3

22. American Greetings denies the allegations contained in paragraph 22.

23. American Greetings admits that it is subject to the Court's personal jurisdiction.

24. American Greetings denies the allegations contained in paragraph 24.

25. American Greetings admits that the certain members of the Weiss family own 94% of American Greetings Class B stock, further admits that these defendants represent approximately 51% of the voting power of American Greetings' outstanding stock, and further admits that paragraph 25 accurately quotes American Greetings' 2012 Annual Report in the second sentence. American Greetings denies the remaining allegations in paragraph 25.

26. American Greetings states that the language of its Articles of Incorporation speaks for itself and denies the remaining allegations contained in paragraph 26.

27. American Greetings admits that Jeffrey and Zev Weiss sent a letter expressing their interest in a potential going-private transaction on September 25, 2012, and further admits that paragraph 27 accurately quotes this letter. American Greetings denies the remaining allegations in paragraph 27.

28. American Greetings admits that paragraph 28 accurately quotes the Forbes Article by Taesik Yoon. American Greetings is without knowledge or information sufficient to form a belief as to whether the remaining quotations are accurate, and therefore denies the same. American Greetings denies the remaining allegations in paragraph 28.

29. American Greetings denies the allegations contained in paragraph 29.

30. American Greetings admits that paragraph 30 accurately quotes its 2012 Annual Report, and further admits that paragraph 30 accurately quotes the Morgan Stanley analyst. American Greetings denies the remaining allegations contained in paragraph 30.

31. American Greetings denies the allegations contained in paragraph 31.

32. American Greetings admits that, on September 26, 2012, it publicly announced receipt of the letter setting forth the proposed going-private transaction, further admits that paragraph 32 accurately quotes this announcement, and further admits that its most recent proxy statement shows that the non-Weiss board members are considered independent. American Greetings denies the remaining allegations contained in paragraph 32.

33. American Greetings states that the language of its Articles of Incorporation speaks for itself and denies the remaining allegations contained in paragraph 33.

34. American Greetings admits the factual allegations contained in paragraph 34.

35. American Greetings admits that the Special Committee members are independent under stock exchange standards. American Greetings denies the remaining allegations contained in paragraph 35.

36. American Greetings admits that Merriman was a Senior Vice President and Chief Financial Officer of American Greetings from 2005 through 2006 and further admits that he was paid a salary of $400,000, which was later increased to $414,000, had a target incentive percentage of 80%, and received stock options. American Greetings denies the remaining allegations contained in paragraph 36.

37. American Greetings admits that its public filings indicate that the Company made matching contributions of $10,000 to charitable or non-profit corporations on behalf of Mr. Merriman pursuant to the Company's charitable contribution matching program. American Greetings further admits that its public filings indicate that the Company made donations to Students in Free Enterprise (now Enactus) of $135,000 in fiscal year 2003, $95,000 in fiscal year 2004, and $180,000 in fiscal year 2005. American Greetings further admits that Defendant Zev Weiss is currently a director of Enactus, but lacks knowledge or information sufficient to form a

belief as to whether Mr. Merriman is currently a director of Enactus. American Greetings denies the remaining allegations in paragraph 37.

38. American Greetings denies that Mr. Cowen is the longest-serving member of the Board. American Greetings admits the remaining factual allegations contained in paragraph 38.

39. American Greetings denies that the Stone Foundation reported charitable contributions of $200,000 in 2008 or $1,108,600 in 2010. American Greetings admits the remaining factual allegations contained in paragraph 39.

40. American Greetings admits the factual allegations contained in paragraph 40.

41. American Greetings admits the factual allegations contained in paragraph 41.

42. American Greetings admits the factual allegations contained in paragraph 42.

43. American Greetings admits the factual allegations contained in paragraph 43.

44. American Greetings denies the allegations contained in paragraph 44.

45. American Greetings admits the factual allegations contained in paragraph 45.

46. American Greetings admits the factual allegations contained in paragraph 46.

47. American Greetings admits the factual allegations contained in paragraph 47.

48. American Greetings incorporates its Answers to paragraphs 39 and 40 as if fully stated herein. American Greetings admits that Mr. Ratner is a Trustee-for-Life and member of the executive committee of the Jewish Federation. American Greetings further admits that Morry Weiss is a Trustee-for-Life, and Zev Weiss is a trustee of the Jewish Federation. American Greetings further admits that Mr. Ratner is a member of the executive committee of the United Way. American Greetings lacks knowledge or information sufficient to form a belief as to whether Mr. Ratner co-chaired, with Morry Weiss, a 40-person delegation of Northeast Ohioans who participated in a trip to Israel sponsored by the Jewish Federation. American

Greetings further lacks knowledge or information sufficient to form a belief as to whether Morry Weiss has made any public statements about his relationship with the Ratner family.  American Greetings denies the remaining allegations in paragraph 48.

49. American Greetings incorporates its Answer to paragraph 41 as if fully stated herein.  American Greetings admits the remaining factual allegations contained in paragraph 49.

50. American Greetings incorporates its Answers to paragraphs 40 and 47 as if fully stated herein.  American Greetings lacks knowledge or information sufficient to form a belief as to whether Ms. Thornton was part of a 40-person delegation of Northeast Ohioans who participated in a trip to Israel sponsored by the Jewish Federation.  American Greetings admits the remaining factual allegations contained in paragraph 50.

51. American Greetings denies the allegations contained in paragraph 51.

52. American Greetings denies the allegations contained in paragraph 52.

53. American Greetings denies the allegations contained in paragraph 53.

54. American Greetings denies the allegations contained in paragraph 54.

55. American Greetings denies the allegations contained in paragraph 55.

56. American Greetings admits that as of October 1, 2012, there were 28,775,110 outstanding Class A shares.  American Greetings denies the remaining allegations contained in paragraph 56.

57. American Greetings denies the allegations contained in paragraph 57.

58. American Greetings denies the allegations contained in paragraph 58.

59. American Greetings denies the allegations contained in paragraph 59.

## Count One

60. American Greetings incorporates by reference its responses to the paragraphs above.

61. American Greetings denies the allegations contained in paragraph 61.

62. American Greetings denies the allegations contained in paragraph 62.

63. American Greetings denies the allegations contained in paragraph 63.

64. American Greetings denies the allegations contained in paragraph 64.

65. American Greetings denies the allegations contained in paragraph 65.

## Count Two

66. American Greetings incorporates by reference its responses to the paragraphs above.

67. American Greetings denies the allegations contained in paragraph 67.

68. American Greetings admits that, as stated in its October 19, 2012 press release, the Company formed a Special Committee consisting of four independent directors to consider the Weiss Family Defendants' proposal. American Greetings denies the remaining allegations contained in paragraph 68.

69. American Greetings denies the allegations contained in paragraph 69.

70. American Greetings admits the factual allegations contained in paragraph 70.

71. American Greetings denies the allegations contained in paragraph 71.

72. American Greetings denies the allegations contained in paragraph 72.

73. American Greetings denies the allegations contained in paragraph 73.

74. American Greetings denies the allegations contained in paragraph 74.

75. American Greetings denies the allegations contained in paragraph 75.

76. American Greetings denies the allegations contained in paragraph 76.

77. American Greetings denies the allegations contained in paragraph 77.

78. American Greetings denies the allegations contained in paragraph 78.

79. American Greetings denies the allegations contained in paragraph 79.

### Additional Defenses

### Second Defense

80. The Complaint fails to state a claim upon which relief can be granted.

### Third Defense

81. Plaintiff lacks standing to assert one or more of the claims alleged.

### Fourth Defense

82. The Court should abstain from hearing this case.

### Fifth Defense

83. The Complaint fails to comply with the pleading requirements of Rule 23.1 of the Federal Rules of Civil Procedure.

### Sixth Defense

84. The Complaint is barred by the doctrines of estoppel and waiver.

### Seventh Defense

85. American Greetings hereby gives notice that it intends to rely on other defenses that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend this Answer to assert any other defenses should that prove necessary or appropriate.

WHEREFORE, American Greetings hereby respectfully requests that the Court:

     (1)     Dismiss all counts of the Complaint with prejudice and declare that Wolfe takes nothing by his Complaint;

     (2)     Award American Greetings its reasonable attorneys' fees and costs; and

     (3)     Provide such other relief as the Court deems just and equitable.

Dated:  January 8, 2013                                                Respectfully submitted,

                                                             /s/Michael J. Montgomery
John D. Parker (0025770)
Michael J. Montgomery (0070922)
Karen E. Swanson Haan (0082518)
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio  44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740
jparker@bakerlaw.com
mmontgomery@bakerlaw.com
kswansonhaan@bakerlaw.com

Leah J. Domitrovic (PHV)
Baker & Hostetler LLP
191 North Wacker Drive, Suite 3100
Chicago, Illinois 60606-1901
Telephone: 312.416.6200
Facsimile: 312.416.6201
ldomitrovic@bakerlaw.com

*Attorneys for American Greetings Corporation*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on January 8, 2013.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/Michael J. Montgomery
An Attorney for American Greetings
