IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| R. DAVID WOLFE, | ) | |
|     Plaintiff, | ) | Case No. 1:12-cv-02776-JG |
| | ) | |
| v. | ) | |
| | ) | |
| WEISS, et al., | ) | JUDGE JAMES GWIN |
| | ) | |
|     Defendants. | ) | |
| | ) | |

**WEISS DEFENDANTS' MEMORANDUM IN
<u>OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Dated: January 11, 2013

Robert S. Faxon
(Ohio Bar No. 0059678)
E-mail:  rfaxon@jonesday.com
Adrienne Ferraro Mueller
(Ohio Bar No. 0076332)
E-mail:  afmueller@jonesday.com
Brett W. Bell
(Ohio Bar No. 0089168)
E-mail:  bwbell@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

*Attorneys for Weiss Defendants*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii
CERTIFICATE OF COMPLIANCE ..................................................................................... iv
PRELIMINARY STATEMENT ............................................................................................. 1
ARGUMENT ............................................................................................................................. 4
    I.    Plaintiff's Motion For Partial Summary Judgment Is Premature ..................................... 5
    II.   Plaintiff's Incorrect Interpretation Of Article Seventh At Best Creates An Issue Of Fact, Which Renders Summary Judgment Inappropriate. .................................................. 7
CONCLUSION ....................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alexander v. Buckeye Pipe Line Co.*,
 374 N.E.2d 146 (Ohio 1978) ................................................................................................... 9

*Bekaert Corp. v. Standard Sec. Life Ins. Co. of N.Y.*,
 No. 5:09CV2903, 2010 WL 3959629 (N.D. Ohio Oct. 8, 2010) .......................................... 5, 6

*Bondex Int'l, Inc. v. Hartford Accident & Indem. Co.*,
 No. 1:03-CV-01322, 2006 WL 2057461 (N.D. Ohio July 21, 2006) ....................................... 5

*Delphi Auto. Sys., LLC v. United Plastics, Inc.*,
 418 F. App'x 374 (6th Cir. 2011) ........................................................................................... 10

*FDIC v. Old Republic Ins. Co.*,
 No. 1:11-CV-371, 2012 WL 1309245 (N.D. Ohio Apr. 16, 2012) .......................................... 7

*Felix v. Young*,
 536 F.2d 1126 (6th Cir. 1976) ................................................................................................ 10

*Lyon v. Yellow Transp., Inc.*, No. 2:08-CV-464, 2009 WL 1604807 (S.D. Ohio June 8,
 2009), *aff'd*, 379 F. App'x 452 (6th Cir. 2010) ....................................................................... 4

*McClendon v. Challenge Fin. Investors Corp.*,
 No. 1:08CV1189, 2009 WL 589245 (N.D. Ohio Mar. 9, 2009) .............................................. 6

*Minnis ex rel. Doe v. Sumner Cnty. Bd. of Educ.*,
 804 F. Supp. 2d 641 (M.D. Tenn. 2011) .................................................................................. 4

*Nelson v. LVNV Funding, LLC*,
 No. 1:12-CV-835, 2012 WL 3061266 (N.D. Ohio July 24, 2012) .......................................... 6

*Opdyke v. Sec. Sav. & Loan Co.*,
 105 N.E.2d 9 (Ohio 1952) ........................................................................................................ 7

*Parrett v. Am. Ship Bldg. Co.*,
 990 F.2d 854 (6th Cir. 1993) .................................................................................................... 7

*Saunders v. Mortensen*,
 801 N.E.2d 452 (Ohio 2004) .................................................................................................... 8

*Source Assocs. v. Valero Energy Corp.*,
 273 F. App'x 425 (6th Cir. 2008) ............................................................................................. 7

*Wilson v. City of Zanesville*,
 954 F.2d 349 (6th Cir. 1992) .................................................................................................. 10

**STATUTES & RULES**

Ohio Rev. Code § 1701.60................................................................................................7

Fed. R. Civ. P. 6(b) ...........................................................................................................5

Fed. R. Civ. P. 56(b) .........................................................................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(b) advisory committee's notes (2010).......................................3, 5, 7

*Merriam-Webster's Collegiate Dictionary* (11th ed. 2006) .............................................9

## CERTIFICATE OF COMPLIANCE

I, Adrienne Ferraro Mueller, do hereby depose and state that the following Weiss Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment complies with the page limitations set forth in Local Rule 7.1(f).

s/ Adrienne Ferraro Mueller
Adrienne Ferraro Mueller (0076332)
E-mail:  afmueller@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:     (216) 586-3939
Facsimile:     (216) 579-0212

*One of the attorneys for Weiss Defendants*

**PRELIMINARY STATEMENT**

Plaintiff's Motion for Partial Summary Judgment is substantively and procedurally deficient. In an apparent effort to create the impression that the federal cases[1] are more active than the state cases—and therefore avoid *Colorado River* abstention[2]—plaintiff asks this Court to decide an issue that would normally be decided much later and upon a full record.

The motion seeks an interpretation of Article Seventh of the Amended and Restated Articles of Incorporation of American Greetings Corporation, adopted on June 27, 2008 ("Articles of Incorporation" or "Articles"). But nowhere in his motion does plaintiff quote the entirety of Article Seventh. Instead, plaintiff urges a strained interpretation of a portion of Article Seventh—a section he says is "notably more stringent than Ohio law requires." Pl.'s Mem. in Supp. of Mot. for Partial Summ. J., D.I. 11-1, at 2; *see also id.* at 9 ("more onerous than required by Ohio law"). Focusing on the phrase "connected with," plaintiff argues that American Greetings Corporation ("American Greetings," the "Company," or "AM") intended to make its Articles more restrictive than what Ohio law permits. In fact, that is the exact *opposite* of what Article Seventh means.

The operative version of Article Seventh was approved by American Greetings' shareholders in 2008. In the proxy accompanying the proposed change, American Greetings stated that the change was intended to "Conform Permitted Interested Transactions Provisions to Ohio Law" and explained in the text that "[w]e are proposing to amend Article Seventh of the Articles of Incorporation to revise the language defining what constitutes a permitted related-

---

[1] The "federal cases" include the instant action as well as *Louisiana Municipal Employees' Retirement System v. Weiss,* No. 1:12-cv-02816-JG (N.D. Ohio), also pending before this Court and filed by certain of the same counsel.

[2] *See* Mem. in Supp. of American Greetings Corp.'s Mot. to Dismiss, Docket Item ("D.I.") 17-1, at 9-14; Mem. in Supp. of Weiss Defs.' Mot. to Dismiss, D.I. 19-1, at 13-14.

party transaction (sometimes referred to as an "interested transaction") to track more closely what Ohio law permits." *See* AM Schedule 14A (May 19, 2008), Declaration of Christopher W. Haffke ("Haffke Decl.") Ex. 1, D.I. 26-6, at 17.  The language cited in plaintiff's motion was not amended in 2008 because it was already consistent with what Ohio law permits.

When the amendments passed, American Greetings filed an 8-K that told shareholders that the Articles were amended to "allow American Greetings to engage in any lawful activity authorized by Ohio law; conform permitted interested transactions provisions to Ohio law; and make minor terminology, numbering, and other conforming language changes."  *See* AM Form 8-K (July 1, 2008), Haffke Decl. Ex. 2, D.I. 26-6, at 2.  Although plaintiff must have been aware of these statements (because, for example, plaintiff himself has relied on documents containing these statements),[3] nowhere does he acknowledge the stated purpose of the language of Article Seventh.  *See* Compl. Ex. A, D.I. 1-1; Pl.'s Mot. for Partial Summ. J. Ex. A, D.I. 11-3.

Instead, the principal factual support throughout plaintiff's motion is citation to his own complaint.  *See* Pl.'s Mem. in Supp. of Mot. for Partial Summ. J., D.I. 11-1, at 3-8.  That is not the full and complete record that supports a final ruling on an issue in the case.  The thinness of such "support," based on plaintiff's own allegations rather than materials in the record such as depositions, declarations, or discovery responses, is particularly problematic here, where plaintiff has stated his intent to amend the operative pleading.  *See* Pl.'s Reply in Supp. of Mot. to Consolidate, D.I. 21, at 1-2 ("Plaintiffs will file a consolidated complaint.").[4]

---

[3] Exhibit A to Plaintiff's Verified Class Action Complaint (D.I. 1-1) is the June 27, 2008 version of the Articles of Incorporation, which is itself an exhibit to an 8-K filed after the shareholders approved the amendments.  *See* AM Form 8-K (July 1, 2008), Haffke Decl. Ex. 2, D.I. 26-6, at 2 (announcing the approval of the amendments to the Articles of Incorporation).

[4] After plaintiffs affirmatively expressed their intent to file a new operative complaint, the Weiss Defendants asked plaintiff to withdraw his motion to avoid unnecessary work and waste of resources.  Plaintiff's counsel refused.

2

In any event, there is no "record" for the Court to review in order to make a final determination on this issue.  As codefendant American Greetings points out, the extent to which Article Seventh will apply to the transaction is, at best, uncertain.  Plaintiff's motion does not challenge a specific contract, because none had been announced when plaintiff filed his motion, and none has been announced since.  There is no history and background (other than that which *defendants* offer in opposition) to explain the purpose and intent of Article Seventh.  Where, as here, plaintiff filed before defendants even answered, the Advisory Committee Notes to Rule 56(b) say that such a motion will ordinarily be premature.  Consistent with the Advisory Committee Notes, this Court's Civil Trial Order encourages litigants to file as soon *after* discovery cut-off as possible—not weeks before the defendants have even answered.  Under similar circumstances, another judge in this Court denied a motion for summary judgment.  Here, where there is no factual record, and defendants' response to the motion is due at the same time as their answers, a similar result is appropriate.

If the Court chooses to address summary judgment on the existing record, however, the motion should be denied.  Plaintiff's motion offers a strained interpretation—that the phrase "connected with" was intended to supplant the other 267 words in Article Seventh.  The motion is unsupported by any record evidence, and the interpretation is contradicted by the description American Greetings provided to shareholders when it asked them to—and they did—approve the current language.  Indeed, as reflected in plaintiff's own Exhibit D to his motion, committees comprised of the same independent directors who are on the Special Committee have approved multiple "related party" transactions pursuant to procedures that have been followed since the amendment and that have been publicly disclosed to shareholders in SEC filings.  *See* Pl.'s Mot. for Partial Summ. J. Ex. D, D.I. 11-6, at 55-58.  The result plaintiff urges now is contrary to the plain language of Article Seventh, contrary to the purpose of Article Seventh as described to and

3

voted on by the shareholders, and contrary to the way Article Seventh has been historically applied by the Company. Plaintiff's motion should be denied.

## ARGUMENT

Plaintiff's argument is principally directed at American Greetings, as it seeks an interpretation of the Company's Articles. For that reason, defendants Elie Weiss, Gary Weiss, Jeffrey Weiss, Judith Weiss, Morry Weiss, and Zev Weiss (the "Individual Defendants" or the "Weiss Defendants") adopt and incorporate the Company's Statement of Facts, including its description of Article Seventh, and the Company's arguments in opposition to plaintiff's motion.[5] Specifically, the Weiss Defendants incorporate the Statement of Facts included in American Greeting's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Memorandum in Opposition" or "AM Opp'n") (D.I. 26, at 2-6) and the arguments that:

1. The requested declaratory relief will not impact the proposed transaction (*id.* at 7-11); and

2. Plaintiff misinterprets Article Seventh (*id.* at 11-19).

The Weiss Defendants will not repeat those arguments here, but separately set forth below additional bases for the denial of plaintiff's motion.

---

[5] Such incorporation relieves the Court of the burden of reviewing a largely-duplicative recitation of the facts and controlling law. *See Minnis ex rel. Doe v. Sumner Cnty. Bd. of Educ.*, 804 F. Supp. 2d 641, 642 (M.D. Tenn. 2011) (granting defendant's motion for summary judgment, noting that the individual defendant incorporated by reference her codefendant's Memorandum in Support and Statement of Material Facts); *Lyon v. Yellow Transp., Inc.*, No. 2:08-CV-464, 2009 WL 1604807, at *5 (S.D. Ohio June 8, 2009), *aff'd*, 379 F. App'x 452 (6th Cir. 2010) (denying plaintiff's and granting defendant's motion for summary judgment where "for the sake of brevity" defendant incorporated by reference the fact section of its codefendants' memorandum in support of its motion for summary judgment). Copies of all unreported cases are attached hereto.

4

I.      **Plaintiff's Motion For Partial Summary Judgment Is Premature.**

Plaintiff's motion for partial summary judgment is premature because it was filed before defendants filed responsive pleadings and it ignores the Court's standing Civil Trial Order.

"Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of discovery." Fed. R. Civ. P. 56(b).  Nevertheless, the Advisory Committee Notes to the 2010 Amendments to Rule 56 state that "in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had."  Fed. R. Civ. P. 56(b) advisory committee's note (2010).  Additionally, "[s]cheduling orders or other pretrial orders can regulate timing to fit the needs of the case." *Id*.  If a motion is premature, the Court may either extend the time for a response under Rule 6(b) or deny the motion to be re-filed at a later time.  *See, e.g.*, *Bondex Int'l, Inc. v. Hartford Accident & Indem. Co.*, No. 1:03-CV-01322, 2006 WL 2057461, at *1 (N.D. Ohio July 21, 2006) (denying as premature both parties' motions for summary judgment and postponing consideration of such motions until the close of discovery).

Motions for summary judgment should be denied where the motion contravenes the court's case management plan.  *See, e.g.*, *Bekaert Corp. v. Standard Sec. Life Ins. Co. of N.Y.*, No. 5:09CV2903, 2010 WL 3959629, at *5 (N.D. Ohio Oct. 8, 2010) (dismissing motion for summary judgment).  The Case Management Plan and Trial Order ("CMPTO") operative to the *Bekaert* action specified that "each party [was] entitled to file only one summary judgment motion," and the court set the deadline for dispositive motions at November 19, 2010.  *Id*. at *1 (emphasis omitted).  Nevertheless, defendant filed a partial motion for summary judgment on September 10, 2010, two months before the deadline for such motions and before fully responding to plaintiff's discovery requests.  *Id*. at *4.  The court denied defendant leave to file

5

its motion,[6] and denied the motion itself for record purposes, allowing defendants to refile the motion "[a]t the appropriate time, i.e., the deadline set by the Amended CMPTO." *Id*. at *5. The court's denial was based only in part on the presence of a factual dispute about which plaintiff required additional discovery in order to adequately respond. *Id*. The court also strongly refuted defendant's claim that the early motion for summary judgment served the interests of judicial economy because it would "streamline [the] litigation." *Id*. at *2 (internal quotation omitted). The court noted that it spent "an inordinate amount of time" considering the motions, which "amounted to 'satellite litigation' for no good reason," and that "further sabotage" of the CMPTO would result in "even more wasted judicial resources." *Id*. at *6.[7]

This Court should deny plaintiff Wolfe's motion for partial summary judgment on similar grounds. Like in *Bekaert*, the Court has a standing Civil Trial Order stating that "[c]ounsel may only file one summary judgment motion" and requiring counsel to "seek leave of this Court if he or she wishes to file any additional or supplemental motions." J. Gwin, Civil Trial Order, at 2-3. Additionally, the Court "encourages the party to file the motion on or as close to the dispositive motion deadline as possible." *Id*. at 2. Here, the motion was not only filed before the deadline for dispositive motions, but before a Case Management Conference had even been held to set a schedule including discovery and motions deadlines. Moreover, the motion was filed before

---

[6] In response to the September 10 motion, the court issued an order requiring defendants to either "(1) file a written certification that this is the only dispositive motion it intends to file; (2) file a written withdrawal of the instant motion; or, (3) explain the necessity and propriety of filing the motion at this early date and to seek leave to do so." *Bekaert*, 2010 WL 3959629, at *1 (internal quotation omitted). Defendants chose option 3, moving for leave to file and moving to stay discovery. *Id*.

[7] *See also, e.g., Nelson v. LVNV Funding, LLC*, No. 1:12-CV-835, 2012 WL 3061266, at *2 (N.D. Ohio July 24, 2012) (denying a motion for summary judgment as premature where it was filed before the Case Management Conference); *McClendon v. Challenge Fin. Investors Corp.*, No. 1:08CV1189, 2009 WL 589245, at *6 (N.D. Ohio Mar. 9, 2009) (delaying consideration of defendant's motion for summary judgment until after a Case Management Conference had been held).

defendants' answers, a time expressly contemplated as premature by the Federal Rules. *See* Fed. R. Civ. P. 56(b) advisory committee's notes (2010).

Because plaintiff Wolfe is entitled to only one motion for summary judgment, and because he filed the motion both before defendants' responsive pleadings and before a case management conference could be held (let alone any discovery undertaken), the motion for partial summary judgment is premature and should be denied.

II. **Plaintiff's Incorrect Interpretation Of Article Seventh At Best Creates An Issue Of Fact, Which Renders Summary Judgment Inappropriate.**

As reflected in American Greetings' Memorandum in Opposition and in the Company's public statements outside of litigation in its public filings, American Greetings intended and has interpreted Article Seventh to be as broad as Ohio law, and Ohio Rev. Code § 1701.60 in particular, allows. Plaintiff's motion offers a competing interpretation of Article Seventh. Plaintiff's arguments regarding the "intent" of Article Seventh are directly at odds with the Company's public statements and the evidence submitted with its Memorandum in Opposition. Plaintiff's competing interpretation of Article Seventh is at most grounds to deny summary judgment, not to grant it. *See, e.g., FDIC v. Old Republic Ins. Co.*, No. 1:11-CV-371, 2012 WL 1309245, at *2 (N.D. Ohio Apr. 16, 2012) ("summary judgment 'is proper only when the documents in question are undisputed and reveal that no question exists as to intent.'") (*quoting Parrett v. Am. Ship Bldg. Co.*, 990 F.2d 854, 858 (6th Cir. 1993)).

Even if plaintiff's reading of Article Seventh is deemed reasonable, it is surely not the only reasonable interpretation. A contract[8] "must be read as a whole and the 'intent of each part gathered from a consideration of the whole.'" *Source Assocs. v. Valero Energy Corp.*, 273 F.

---

[8] "[T]he charter of a corporation constitutes a contract . . . between the corporation and the stockholders." *Opdyke v. Sec. Sav. & Loan Co.*, 105 N.E.2d 9, 16 (Ohio 1952).

7

App'x 425, 428 (6th Cir. 2008) (*quoting Saunders v. Mortensen*, 801 N.E.2d 452, 455 (Ohio 2004)). As set out more fully in American Greetings' Memorandum in Opposition, plaintiff ignores portions of Article Seventh that indicate the provision's purpose is to allow interested transactions in accordance with Ohio law, not prohibit them. *See* AM Opp'n, D.I. 26, at 7-11. Additionally, other Articles evidence an intent to vest American Greetings with all "powers and authorities conferred upon or permitted to corporations under the laws of the State of Ohio." Articles of Incorporation (June 27, 2008), AM Opp'n Ex. C, D.I. 26-4, at 1.[9] This contradicts plaintiff's assertion that Article Seventh seeks to hold American Greetings' directors to a "heightened" standard of independence above that required by Ohio law. *See* Pl.'s Mem. in Supp. of Mot. for Partial Summ. J., D.I. 11-1, at 10.

Plaintiff claims that his interpretation of Article Seventh's language is clear and unambiguous, citing to dictionary definitions of "connected" and "connection" in the Merriam-Webster Dictionary. *Id.* at 10 & n.10. But the Merriam-Webster Dictionary entry plaintiff cites lists five different definitions for each of these terms, some significantly narrower than the

---

[9] Article Third provides, among the purposes for which the Corporation is formed:
(4) To possess and exercise without restriction as fully as a natural person might do all of the powers and authorities conferred upon or permitted to corporations under the laws of the State of Ohio.
(5) To engage in any lawful act or activity for which corporations may be formed under the General Corporation Law of the State of Ohio; and to do any and all things incidental to the accomplishment of the purposes hereinbefore set forth or incidental to the protection and benefit of the Corporation.

Additionally, Article Ninth provides:
Any and every statute of the State of Ohio hereafter enacted whereby the rights, powers or privileges of corporations or of the shareholders of corporations organized under the laws of the State of Ohio are increased or diminished or in any way affected, … shall apply to the Corporation and shall be binding not only upon the Corporation but upon every shareholder of the Corporation to the same extent as if such statutes had been in force at the date of filing these Amended Articles of Incorporation.

*See* Articles of Incorporation (June 27, 2008), AM Opp'n Ex. C, D.I. 26-4, at 1,7.

8

definition proposed by plaintiff. *See Merriam-Webster's Collegiate Dictionary* (11th ed. 2006) (*e.g.*, defining "connected" in part as "related by blood or marriage" and defining "connection" in part as "a relation of personal intimacy").

In any event, plaintiff's interpretation of Article Seventh is *not* reasonable. Plaintiff himself admits that "words appearing in a written contract are to be given their plain and ordinary meaning *unless manifest absurdity results*." Pl.'s Mem. in Supp. of Mot. for Partial Summ. J., D.I. 11-1, at 10 (citing *Alexander v. Buckeye Pipe Line Co.*, 374 N.E.2d 146, 150 (Ohio 1978)). As discussed in detail in American Greetings' Memorandum in Opposition, plaintiff's construction of the term "connected" is so expansive as to render the rest of Article Seventh a nullity, making it impossible that any committee of directors could ever approve any interested transaction. AM Opp'n, D.I. 26, at 11-14. To help explain the Article's meaning in the presence of such ambiguity and absurdity, American Greetings sets forth substantial evidence of the history, purpose, and historic application of Article Seventh, demonstrating that the provision is coextensive with Ohio law's allowance of interested transactions. *Id.* at 14-19. Conversely, plaintiff offers no extrinsic evidence to support his untenable position, standing solely upon the dictionary as support for his argument and the assertions set forth in his complaint. Without more, plaintiff's absurd construction leaves only one truly reasonable interpretation of Article Seventh before the Court—that offered by American Greetings.[10]

Regardless of whether the Court ultimately accepts American Greetings' interpretation of Article Seventh, plaintiff's (manifestly absurd) interpretation is far from the only one available. Given the wide gap between the parties' interpretation of the terms of Article Seventh, there

---

[10] Though the absence of an alternate reasonable interpretation to that offered by defendants arguably entitles defendants to summary judgment in their favor, the Weiss Defendants have chosen to withhold any such motion until a later, proper date.

remains a genuine issue of material fact. As such, the law mandates denial of plaintiff's motion for partial summary judgment.[11]

## CONCLUSION

Plaintiff's motion for partial summary judgment, filed before defendants responded to the complaint and before even the entry of a case management order—let alone the scheduling of a case management conference—is premature. Even if the motion was timely, plaintiff has failed to meet his burden of showing the absence of a genuine issue of material fact with respect to the interpretation of Article Seventh of American Greetings' Articles of Incorporation. The motion should be denied.

Dated: January 11, 2013                    Respectfully submitted,

                                                                            s/ Robert S. Faxon
Robert S. Faxon (Ohio Bar No. 0059678)
E-mail: rfaxon@jonesday.com
Adrienne Ferraro Mueller (Ohio Bar No. 0076332)
E-mail: afmueller@jonesday.com
Brett W. Bell (Ohio Bar No. 0089168)
E-mail: bbell@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:    (216) 586-3939
Facsimile:    (216) 579-0212

*Attorneys for Weiss Defendants*

---

[11] *See, e.g., Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-81 (6th Cir. 2011) (affirming the district court's denial of summary judgment where plaintiff failed to carry its burden despite the fact that the adverse party had not responded to the motion); *Wilson v. City of Zanesville*, 954 F.2d 349, 351-52 (6th Cir. 1992) (reversing summary judgment where a genuine issue of material fact existed); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976) (reversing summary judgment where the moving party failed to meet its "initial burden of showing the absence of a genuine issue of material fact").

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 11, 2013, copies of the foregoing Weiss Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment and the attachment thereto were filed electronically with the Court.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

s/ Robert S. Faxon
Robert S. Faxon (Ohio Bar No. 0059678)
E-mail:  rfaxon@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:     (216) 586-3939
Facsimile:     (216) 579-0212

*One of the attorneys for Weiss Defendants*