IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| R. DAVID WOLFE, ) | |
|      **Plaintiff,** ) | Case No. 1:12-cv-02776-JG |
| ) | |
| v. ) | |
| WEISS, et al., ) | JUDGE JAMES GWIN |
| ) | |
|      **Defendants.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |

**ANSWER OF THE WEISS DEFENDANTS
TO THE VERIFIED CLASS ACTION COMPLAINT**

For their answer to plaintiff's Verified Class Action Complaint (the "Complaint"), defendants Elie Weiss, Gary Weiss, Jeffrey Weiss, Judith Weiss, Morry Weiss, and Zev Weiss (collectively, the "Individual Defendants" or the "Weiss Defendants") state as follows as to the allegations in the numbered paragraphs in the Complaint, and only to the extent the allegations are directed at them:

**First Defense**

1.     The allegations set forth in paragraph 1 contain a mixture of self-serving characterizations and attorney argument encompassing more than a single set of alleged circumstances to which no response is required. To the extent response is required, the Individual Defendants admit and aver that this is purportedly a class action on behalf of certain shareholders of American Greetings Corporation (the "Company"), and that members of the Weiss family are descendants of Company founder Jacob Sapirstein. Information about the Weiss Defendants' stock ownership can be found in the Schedule 13D filed with the SEC on September 26, 2012, to which the Individual Defendants refer for a fair and accurate portrayal of

its contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 1.

2. The allegations set forth in paragraph 2 contain a mixture of self-serving characterizations and attorney argument encompassing more than a single set of alleged circumstances to which no response is required.  To the extent response is required, plaintiff appears to paraphrase and characterize the letter (the "Expression of Interest") that Jeffrey and Zev Weiss delivered to the Company's Board of Directors (the "Board") on September 25, 2012; the Individual Defendants refer to that document for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 2.

3. The allegations set forth in paragraph 3 contain a mixture self-serving characterizations and attorney argument encompassing more than a single set of alleged circumstances to which no response is required.  To the extent response is required, the Individual Defendants admit and aver that the Company formed a special committee (the "Special Committee") comprised of four independent directors to consider, among other things, the Expression of Interest.  The Individual Defendants otherwise deny each and every allegation in paragraph 3.

4. The allegations set forth in paragraph 4 contain a mixture of self-serving characterizations and attorney argument encompassing more than a single set of alleged circumstances to which no response is required.  To the extent response is required, the Individual Defendants refer to the Company's Amended and Restated Articles of Incorporation (the "Articles of Incorporation" or "Articles") for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation set forth in paragraph 4.

5. Denied.

6. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and on that basis deny them.

7. Admit that the Company is an Ohio corporation headquartered in Cleveland, that it was founded by Jacob Sapirstein in 1906, and that American Greetings Class A Common Stock is traded on the New York Stock Exchange. Plaintiff appears to characterize or paraphrase portions of the Company's 2012 Form 10-K filed with the SEC on April 30, 2012; the Individual Defendants refer to the Form 10-K for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 7.

8. Admit that Morry Weiss is the father of Elie, Gary, Jeffrey and Zev Weiss, and Chairman of the Board. Information about the Company's officers and directors, including their ownership of American Greetings stock, is disclosed in the Company's annual proxy statements filed with the SEC, to which the Individual Defendants refer for a fair and accurate portrayal of their contents. The Individual Defendants otherwise deny each and every allegation in paragraph 8.

9. Admit that Zev Weiss is the son of Morry Weiss, the brother of Elie, Gary, and Jeffrey Weiss, a member of the Board, and the Company's Chief Executive Officer. Information about the Company's officers and directors, including their ownership of American Greetings stock, is disclosed in the Company's annual proxy statements filed with the SEC, to which the Individual Defendants refer for a fair and accurate portrayal of their contents. The Individual Defendants otherwise deny each and every allegation in paragraph 9.

10. Admit that Jeffrey Weiss is the son of Morry Weiss, the brother of Elie, Gary, and Zev Weiss, a member of the Board, and the Company's President and Chief Operating Officer. Information about the Company's officers and directors, including their ownership of American

Greetings stock, is disclosed in the Company's annual proxy statements filed with the SEC, to which the Individual Defendants refer for a fair and accurate portrayal of their contents. The Individual Defendants otherwise deny each and every allegation in paragraph 10.

11. Admit that Elie Weiss is the brother of Gary, Jeffrey, and Zev Weiss and the son of Morry Weiss, and is engaged in the business of real estate and restaurant development. Information about certain of the Weiss Defendants, including their ownership of American Greetings stock, can be found in the Schedule 13D filed with the SEC on September 26, 2012, to which the Individual Defendants refer for a fair and accurate portrayal of its contents. The Individual Defendants otherwise deny each and every allegation in paragraph 11.

12. Admit that Gary Weiss is the brother of Elie, Jeffrey, and Zev Weiss, the son of Morry Weiss, and a Vice President at the Company. Information about certain of the Weiss Defendants, including their ownership of American Greetings stock, can be found in the Schedule 13D filed with the SEC on September 26, 2012, to which the Individual Defendants refer for a fair and accurate portrayal of its contents. The Individual Defendants otherwise deny each and every allegation in paragraph 12.

13. Plaintiff appears to characterize and paraphrase portions of the Schedule 13D filed with the SEC on September 26, 2012, to which the Individual Defendants refer for a fair and accurate portrayal of its contents. The Individual Defendants otherwise deny each and every allegation in paragraph 13.

14. The first sentence of paragraph 14 contains no factual allegations to which a response is required. As to the remainder of paragraph 14, plaintiff appears to characterize or paraphrase portions of the Schedule 13D filed with the SEC on September 26, 2012, to which the Individual Defendants refer for a fair and accurate portrayal of its contents.

15. Admit and aver that Judith Weiss is the wife of Morry Weiss and beneficially owns shares in the Company.  Plaintiff appears to characterize or paraphrase portions of the Expression of Interest, to which the Individual Defendants refer for a fair and accurate portrayal of its contents.  Information about certain of the Weiss Defendants, including their ownership of American Greetings stock, can be found in the Schedule 13D filed with the SEC on September 26, 2012, to which the Individual Defendants refer for a fair and accurate portrayal of its contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 15.

16. Admit that defendants Elie, Gary, Jeffrey, and Zev Weiss are trustees of the Irving I. Stone Oversight Trust.  Plaintiff appears to characterize or paraphrase portions of the Schedule 13D filed with the SEC on September 26, 2012, to which the Individual Defendants refer for a fair and accurate portrayal of its contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 16.

17. Admit and aver that defendants Elie, Gary, Jeffrey, and Zev Weiss are trustees of the Irving I. Stone Support Foundation.  Plaintiff appears to characterize or paraphrase portions of the Schedule 13D filed with the SEC on September 26, 2012, to which the Individual Defendants refer for a fair and accurate portrayal of its contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 17.

18. Admit that defendants Elie, Gary, Jeffrey, Morry, and Zev Weiss are trustees of the Irving I. Stone Foundation.  Plaintiff appears to paraphrase the Schedule 13D filed with the SEC on September 26, 2012, to which the Individual Defendants refer for a fair and accurate portrayal of its contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 18.

19. Paragraph 19 contains no factual allegations to which a response is required.

20. Paragraph 20 contains no factual allegations to which a response is required.

21. Denied.

22. Denied.

23. Paragraph 23 sets forth a legal conclusion to which no response is required.

24. Denied.

25. Plaintiff appears to characterize or paraphrase portions of the Company's 2012 Form 10-K, filed with the SEC on April 30, 2012; the Individual Defendants refer to the Form 10-K for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 25.

26. Plaintiff appears to characterize or paraphrase portions of the Articles of Incorporation; the Individual Defendants refer to the Articles for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 26.

27. Plaintiff appears to characterize or paraphrase portions of the Expression of Interest; the Individual Defendants refer to the Expression of Interest for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 27.

28. The allegations set forth in paragraph 28 contain a mixture of self-serving characterizations and attorney argument encompassing more than a single set of alleged circumstances to which no response is required. To the extent response is required, plaintiff appears to characterize or paraphrase portions of the Articles of Incorporation and statements made by Taesik Yoon, Ben Franklin, and Eric Cinnamond; the Individual Defendants refer to those documents and statements for a fair and accurate portrayal of their contents, and otherwise deny each and every allegation in paragraph 28.

29. Plaintiff appears to characterize or paraphrase portions of the Expression of Interest; the Individual Defendants refer to the Expression of Interest for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 29.

30. Plaintiff appears to characterize or paraphrase portions of the Company's 2012 Form 10-K, filed with the SEC on April 30, 2012, and statements made during the Company's September 28, 2012 earnings teleconference; the Individual Defendants refer to the document and the statements for a fair and accurate portrayal of their contents, and otherwise deny each and every allegation in paragraph 30.

31. Denied.

32. Admit and aver that on September 26, 2012, the Company publicly announced receipt of the Expression of Interest and its intent to form a special committee of independent directors to consider the proposal. Further admit and aver that all six of the "non-Weiss" Board members are independent, as disclosed in the Company's 2012 Proxy Statement, filed with the SEC on May 11, 2012. The Individual Defendants refer to those documents for a fair and accurate portrayal of their contents, and otherwise deny each and every allegation in paragraph 32.

33. Plaintiff appears to characterize or paraphrase portions of the Articles of Incorporation; the Individual Defendants refer to the Articles for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 33.

34. Admit that the Company issued a press release on October 19, 2012, and that the members of the Special Committee are Scott Cowen, Jeffrey Dunn, William MacDonald, III, and Michael Merriman, Jr. The Individual Defendants refer to the press release for a fair and accurate portrayal of its contents.

35. Admit and aver that the members of the Special Committee are independent, and otherwise deny each and every allegation in paragraph 35.

36. Admit that Michael Merriman, Jr. is a member of the Board and served as the Company's Senior Vice President and Chief Financial Officer from September 2005 to November 2006. Further admit and aver that officers and directors receive compensation as disclosed in the Company's annual proxy statements, to which the Individual Defendants refer for a fair and accurate portrayal of their contents. The Individual Defendants otherwise deny each and every allegation in paragraph 36.

37. Admit that Zev Weiss is a director of Enactus. Further admit and aver that the Company has, from time to time and pursuant to various charitable programs, made donations to organizations in which its officers and directors are involved, and that such donations are disclosed in the Company's annual proxy statements, to which the Individual Defendants refer for a fair and accurate portrayal of their contents. The Individual Defendants otherwise deny each and every allegation in paragraph 37.

38. Admit that Scott Cowen is a member of the Board and the chair of the Special Committee. Further admit and aver that Morry Weiss graduated from a predecessor to what is now known as Case Western Reserve University. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Messrs. Cowen and Ratner, and on that basis deny them. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about any products or services rendered to or by the Company to or by Forest City or Jo-Ann Stores, other than as disclosed in the Company's public filings, to which the Individual Defendants refer for a fair and accurate portrayal of their contents. Further admit and

8

aver that the Company has, from time to time and pursuant to various charitable programs, made donations to organizations in which its officers and directors are involved, and that such donations are disclosed in the Company's annual proxy statements, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  The Individual Defendants otherwise deny the remaining allegations in paragraph 38.

39.  Admit and aver that the Company has, from time to time and pursuant to various charitable programs, made donations to organizations in which its officers and directors are involved, and that such donations are disclosed in the Company's annual proxy statements, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  The Individual Defendants refer to the IRS Form 990 filings of the Irving I. Stone Foundation and Irving I. Stone Support Foundation for a fair and accurate portrayal of their contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 39.

40.  Admit and aver that defendant Morry Weiss was previously a member of the Board of the United Way of Greater Cleveland, and that defendant Zev Weiss is currently a member.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Mr. Cowen, and on that basis deny them.  Further admit and aver that the Company has, from time to time and pursuant to various charitable programs, made donations to organizations in which its officers and directors are involved, and that such donations are disclosed in the Company's annual proxy statements, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 40.

41.  Admit that William MacDonald, III is a member of the Board.  Further admit and aver that defendant Morry Weiss served as a director of National City Corporation prior to its

2008 sale to The PNC Financial Services Group, Inc.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Mr. MacDonald, and on that basis deny them.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about any services provided to the Company by National City Corporation prior to 2008, other than as disclosed in the Company's public filings, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  The Individual Defendants otherwise deny each and every allegation in paragraph 41.

42. Admit and aver that Jeffrey Weiss is on the Chair's Council of ideastream, a Cleveland non-profit corporation affiliated with WVIZ/PBS, that defendant Morry Weiss is a member of the Board of Directors of the Cleveland Clinic Foundation, and that defendant Zev Weiss is on the Executive Committee of the United Way of Greater Cleveland.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Mr. MacDonald, and on that basis deny them.  Further admit and aver that the Company has, from time to time and pursuant to various charitable programs, made donations to organizations in which its officers and directors are involved, and that such donations are disclosed in the Company's annual proxy statements, to which the Individual Defendants refer for a fair and accurate portrayal of their contents.  The Individual Defendants otherwise deny the remaining allegations in paragraph 42.

43. Admit and aver that Jeffrey Dunn is a member of the Board.  The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Mr. Dunn, and on that basis deny them.  The Individual Defendants lack knowledge or information sufficient to form a belief as to

10

the truth of the allegations about any services provided to the Company by HIT Entertainment Limited, other than as disclosed in the Company's public filings, to which the Individual Defendants refer for a fair and accurate portrayal of their contents. The Individual Defendants otherwise deny each and every allegation in paragraph 43.

44. Plaintiff purports to characterize or paraphrase portions of the Company's October 19, 2012 press release; the Individual Defendants refer to the press release for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 44.

45. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Charles Ratner, and on that basis deny them. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about any services provided to the Company by Forest City or its subsidiaries, other than as disclosed in the Company's public filings, to which the Individual Defendants refer for a fair and accurate portrayal of their contents. The Individual Defendants otherwise deny each and every allegation in paragraph 45.

46. Admit and aver that vision care benefits have at times been made available to American Greetings' employees. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Mr. Ratner, and on that basis deny them. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about any services provided to the Company or its employees by Forest City, Cole National, or their subsidiaries, other than as disclosed in the Company's public filings, to which the Individual Defendants refer for a fair and accurate portrayal of their contents. The Individual Defendants otherwise deny each and every allegation in paragraph 46.

47. Admit and aver that defendant Zev Weiss is a member of the board of the Greater Cleveland Partnership, and that Morry Weiss has at certain times been involved with the Cleveland Orchestra. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Mr. Ratner or Dr. Jerry Sue Thornton, and on that basis deny them. Further admit and aver that the Company has, from time to time and pursuant to various charitable programs, made donations to organizations in which its officers and directors are involved, and that such donations are disclosed in the Company's annual proxy statements, to which the Individual Defendants refer for a fair and accurate portrayal of their contents. The Individual Defendants otherwise deny each and every allegation in paragraph 47.

48. Admit and aver that defendant Zev Weiss is a trustee of and that defendant Morry Weiss is a Trustee-for-Life of the Jewish Federation of Cleveland. Further admit and aver that defendant Morry Weiss and Mr. Ratner were among a group of approximately 40 Northeast Ohioans who participated in a trip to Israel in 1998 sponsored by the Jewish Federation. Further admit and aver that Charles Ratner is the son of Max Ratner. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Charles Ratner, and on that basis deny them. Further admit and aver that the Company has, from time to time and pursuant to various charitable programs, made donations to organizations in which its officers and directors are involved, and that such donations are disclosed in the Company's annual proxy statements, to which the Individual Defendants refer for a fair and accurate portrayal of their contents. The Individual Defendants incorporate their answers to paragraphs 39 and 40 as if fully restated herein, and otherwise deny each and every allegation in paragraph 48.

49. Admit and aver that Dr. Thornton is a member of the Board. Further admit that defendant Morry Weiss served as a director of National City Corporation prior to its 2008 sale to The PNC Financial Services Group, Inc. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Dr. Thornton, and on that basis deny them. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about any products or services provided to the Company by Applied Industrial Technologies, Inc., other than as disclosed in the Company's public filings, to which the Individual Defendants refer for a fair and accurate portrayal of their contents. Further admit and aver that the Company has, from time to time and pursuant to various charitable programs, made donations to organizations in which its officers and directors are involved, and that such donations are disclosed in the Company's annual proxy statements, to which the Individual Defendants refer for a fair and accurate portrayal of their contents. The Individual Defendants incorporate their answer to paragraph 41 as if fully restated herein, and otherwise deny each and every allegation in paragraph 49.

50. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the business and professional affiliations of Dr. Thornton, and on that basis deny them. Admit and aver that Dr. Thornton was one of the approximately 40 Northeast Ohioans to travel to Israel in 1998 as referenced in the Individual Defendants' answer to paragraph 48. Further admit and aver that the Company has, from time to time and pursuant to various charitable programs, made donations to organizations in which its officers and directors are involved, and that such donations are disclosed in the Company's annual proxy statements, to which the Individual Defendants refer for a fair and accurate

13

portrayal of their contents.  The Individual Defendants incorporate the answers to paragraphs 40 and 47 as if fully stated herein, and otherwise deny each and every allegation in paragraph 50.

51. Denied.

52. Plaintiff appears to characterize or paraphrase portions of the Company's October 19, 2012 press release and the Expression of Interest; the Individual Defendants refer to those documents for a fair and accurate portrayal of their contents, and otherwise deny each and every allegation of paragraph 52.

53. Denied.

54. Admit that plaintiff purports to bring this action individually and as a class action on behalf of certain Company shareholders, and otherwise deny each and every allegation in paragraph 54.

55. Denied.

56. Admit and aver that there were 28,755,110 outstanding shares of the Company's Class A Common Stock as of October 1, 2012, and otherwise deny each and every allegation in paragraph 56.

57. Denied.

58. Denied.

59. Denied.

60. The Individual Defendants incorporate by reference their responses to paragraphs 1 through 59 as if restated in full.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. The Individual Defendants incorporate by reference their responses to paragraphs 1 through 65 as if restated in full.

67. Denied.

68. Admit and aver that the Company formed a Special Committee of four independent directors to consider, among other things, the Expression of Interest. Plaintiff appears to characterize and paraphrase portions of the Company's October 19, 2012 press release; the Individual Defendants refer to the press release for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 68.

69. Denied.

70. Admitted.

71. Denied.

72. Denied.

73. Denied.

74. Plaintiff appears to characterize or paraphrase portions of the Articles of Incorporation; the Individual Defendants refer to the Articles for a fair and accurate portrayal of its contents, and otherwise deny each and every allegation in paragraph 74.

75. Denied.

76. Admit that plaintiff purports to seek declaratory relief. The Individual Defendants deny that plaintiff is entitled to such relief, and otherwise deny each and every allegation in paragraph 76.

77. Admit that plaintiff purports to seek declaratory relief.  The Individual Defendants deny that plaintiff is entitled to such relief, and otherwise deny each and every allegation in paragraph 77.

78. Denied.

79. Denied.

80. Deny that plaintiff is entitled to the relief requested.

81. Except as expressly stated, the Individual Defendants deny each and every allegation in the Complaint, including any allegations in the Complaint's headings or the materials incorporated by reference.

## Second Defense

82. The Complaint fails in whole or in part to set forth a claim upon which relief can be granted.

## Third Defense

83. This Court lacks subject matter jurisdiction over plaintiff's claims.

## Fourth Defense

84. This Court should dismiss or stay plaintiff's actions under the *Colorado River* abstention doctrine in favor of parallel proceedings pending in the Cuyahoga County Court of Common Pleas.

## Fifth Defense

85. To the extent the action, or any portion of it, is derivative in nature, it is barred by plaintiff's failure to comply with the pleading requirements of Rule 23.1 of the Federal Rules of Civil Procedure, including plaintiff's failure to make a pre-suit demand on the Board.

### Sixth Defense

86. Plaintiff's claims are barred by the doctrine of ripeness.

### Seventh Defense

87. Plaintiff lacks standing to pursue his claim.

### Eighth Defense

88. The exclusive remedy for the injuries and damages claimed by plaintiff is statutory appraisal under Ohio Rev. Code § 1701.85.

### Ninth Defense

89. Plaintiff's claims are barred by the doctrines of laches, acquiescence, waiver, estoppel, and ratification.

### Tenth Defense

90. The Individual Defendants specifically reserve the right to supplement this list of affirmative defenses following completion of discovery.

**WHEREFORE**, the Individual Defendants pray that all claims asserted against them in the Complaint be dismissed with prejudice at plaintiff's cost and that the Individual Defendants be awarded their costs herein, including attorneys' fees, and such other and further relief to which it may be entitled at law or in equity.

Dated: January 14, 2013               Respectfully submitted,


                                                            /s Robert S. Faxon
                                                  Robert S. Faxon
(Ohio Bar Registration No. 0059678)
Email: rfaxon@jonesday.com
Adrienne Ferraro Mueller
(Ohio Bar Registration No. 0076332)
Email: afmueller@jonesday.com
Brett W. Bell
(Ohio Bar Registration No. 0089168)
Email: bbell@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

*Attorneys for the Weiss Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 14, 2013, a copy of the foregoing Answer of the Weiss Defendants to the Class Action Complaint was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

    s/ Adrienne Ferraro Mueller
Adrienne Ferraro Mueller
(Ohio Bar Registration No. 0076332)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:   (216) 586-3939
Facsimile:    (216) 579-0212
E-mail:  afmueller@jonesday.com

*One of the Attorneys for the Weiss Defendants.*

CLI 2061189v2