# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| R. DAVID WOLFE, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>MORRY WEISS, ZEV WEISS, JEFFREY WEISS, ELIE WEISS, GARY WEISS, JUDITH WEISS, IRVING I. STONE OVERSIGHT TRUST, IRVING STONE LIMITED LIABILITY COMPANY, IRVING I. STONE SUPPORT FOUNDATION, IRVING I. STONE FOUNDATION, and AMERICAN GREETINGS CORPORATION,<br><br>        Defendants. | Case No. 1:12-cv-02776-JG<br><br>**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT ON HIS CLAIM FOR DECLARATORY RELIEF PURSUANT TO 28 U.S.C.A. § 2201** |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.    DEFENDANTS CANNOT ESTABLISH THAT ARTICLE SEVENTH'S LANGUAGE IS AMBIGUOUS ................................................................................ 2

        "Connected" is Unambiguous ................................................................................ 2

        "Affected" is Unambiguous .................................................................................... 3

    II.    REGARDLESS, DEFENDANTS' PROFFERED EXTRINSIC EVIDENCE PROVES NOTHING ................................................................................................ 4

        Historical Context of Article Seventh's Adoption ................................................. 5

        Supposed Historical Application of Article Seventh .............................................. 6

    III.    PLAINTIFF'S REQUESTED DECLARATION WILL AFFIRMATIVELY AFFECT THE PROPOSED TRANSACTION ....................................................... 6

    IV.    PLAINTIFF'S MOTION IS TIMELY ............................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bekaert Corp. v. Standard Sec. Life Ins. Co. of N.Y.*,
 No. 5:09CV2903, 2010 WL 3959629 (N.D. Ohio Oct. 8, 2010)..............................7

*Fifth Third Mortg. Co. v. Chicago Title Ins. Co.*,
 692 F.3d 507 (6th Cir. 2012) ...................................................................................8

*Gammell v. Strategic Mortg. Services, Inc.*,
 No. 16531, 1997 WL 797706 (Ohio Ct. App. Dec. 31, 1997)..................................4

*HoneyBaked Foods, Inc. v. Affiliated FM Ins. Co.*,
 No. 3:08cv01686, 2010 WL 4978007 (N.D. Ohio Dec. 2, 2010).............................3

*In re Delphi Fin. Grp. S'holder Litig.*,
 C.A. No. 7144-VCG, 2012 WL 729232. (Del. Ch. Mar. 6, 2012) ...........................1

*Mansfield Plumbing Prods., LLC v. Mariner Partners, Inc.*,
 300 F.Supp.2d 540 (N.D. Ohio 2004).......................................................................4

*Nelson v. LVNV Funding, LLC*,
 No. 1:12CV835, 2012 WL 3061266 (N.D. Ohio July 24, 2012)..............................7

*Savedoff v. Access Group, Inc.*,
 524 F.3d 754 (6th Cir. 2008) ................................................................................2, 4

*Summers v. Leis*,
 368 F.3d 881 (6th Cir. 2004) ....................................................................................8

**STATUTES**

Ohio Rev. Code Ann. § 1701.04(B)(3)................................................................................5

Ohio Rev. Code Ann. § 1701.60......................................................................... passim

Ohio Rev. Code Ann. § 1701.60(A) ....................................................................................5

Ohio Rev. Code Ann. § 1701.78(A) ....................................................................................7

**RULES**

Fed. R. Civ. P. 56(b) ...........................................................................................................7

Plaintiff[1] respectfully submits this reply memorandum in further support of his motion for partial summary judgment and in opposition to Defendant American Greetings Corporation's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment ("AGC Brief") and Weiss Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment ("WFD Brief").

## PRELIMINARY STATEMENT

Defendants do not genuinely contest that, if Article Seventh's unambiguous terms apply here, the Special Committee cannot, consistent with the AOI, approve, authorize or confirm the Proposed Transaction or any similar going-private transaction with the Weiss Family Defendants. Instead of addressing the uncomfortable fact that the plain and unambiguous language of the AOI prohibits the Special Committee from approving the Proposed Transaction, Defendants use their respective opposition briefs to advance strained alternate readings of the AOI, introduce improper extrinsic evidence that ultimately proves nothing in any event, and engage in *ad hominem* attacks on Plaintiff. Ultimately, Defendants cannot avoid that Article Seventh's language is unambiguous and that Plaintiff's request for declaratory relief is ripe for decision.

The Company's minority shareholders approved the AOI. They are entitled to rely on the Articles' promise that transactions between AGC and the Weiss Family Defendants will be subjected to the review and approval of directors who are not "in any way interested in, or connected with" the Weiss Family Defendants. The minority shareholders are entitled to enforce that promise now. *See e.g., In re Delphi Fin. Grp. S'holder Litig.,* C.A. No. 7144-VCG, 2012

---

[1]  Unless otherwise noted, capitalized terms have the meaning ascribed to them in Plaintiff's Memorandum of Law in Support of his Motion for Partial Summary Judgment, November 30, 2012, ECF No. 11 (the "Opening Brief"). Plaintiff incorporates by reference the facts set forth in the Opening Brief.

WL 729232, at *16-17 (Del. Ch. Mar. 6, 2012) (finding that minority shareholders are entitled to rely upon charter provision restricting a controlling shareholder's ability to engage in self-interested transactions).

Plaintiff, therefore, is entitled to declaratory relief in that regard, and Plaintiff's Motion should be granted.

## ARGUMENT

### I. DEFENDANTS CANNOT ESTABLISH THAT ARTICLE SEVENTH'S LANGUAGE IS AMBIGUOUS

Contractual language is ambiguous "only where its meaning cannot be determined from the four corners of the agreement or where the language is susceptible of two or more reasonable interpretations."  *Savedoff v. Access Group, Inc.,* 524 F.3d 754, 763 (6th Cir. 2008).  Defendants fail to show that Article Seventh's use of the words "connected" and "affected" is at all ambiguous.  Plaintiff's plain reading of Article Seventh thus prevails.

**"Connected" is Unambiguous**

Defendants argue that Plaintiff misunderstands "connected" as used in Article Seventh because Plaintiff excludes the connection between directors flowing from their mutual service on the Board, which would disqualify every director.  AGC Brief at 12-14.  Critically, however, Defendants have no other issues with Plaintiff's textual reading of "connected," instead resorting to extrinsic evidence to show a different meaning.  If anything, however, Defendants' argument demonstrates the reasonableness of Plaintiff's interpretation and the absurdity of Defendants' position.  Of course "connected" excludes connections owing to service on the Company's Board.  These are articles of incorporation regulating director conduct amongst the members of the AGC Board; they instruct the Board how to approve certain transactions involving insiders. In context, the only "connections" that Article Seventh could be discussing are those that go

beyond the inherent connection of the Board members vis-à-vis their service on the AGC Board. Failing to exclude the connection generated by service on the Company Board would indeed disqualify every director – and that would be an absurd result. One reads contracts to avoid absurd results, not generate them. *See HoneyBaked Foods, Inc. v. Affiliated FM Ins. Co.*, No. 3:08cv01686, 2010 WL 4978007, at *746 (N.D. Ohio Dec. 2, 2010) (even if a court determines that contractual language is susceptible to multiple constructions, Ohio law directs courts to give rational construction to contracts and avoid inequitable, unusual, or unreasonable constructions).[2]

### "Affected" is Unambiguous

Defendants incorrectly maintain that Plaintiff misconstrues the AOI by assuming that the word "affected" in Article Seventh's second paragraph means "void or voidable." "Affected" means "to produce an effect upon: as (a): to produce a material influence upon or alteration in <paralysis affected his limbs>; (b): to act upon (as a person or a person's mind or feelings) so as to produce a response: influence."[3] With this plain meaning, no question exists that a contract can be "affected" by a circumstance that renders it void or voidable; that would clearly "produce an effect upon" the contract. The use in the first paragraph of Article Seventh of "void or voidable" demonstrates that those are ways that a contract or transaction could be "affected" unless the second paragraph's procedure is followed.

---

[2] Defendants invoke the last antecedent rule to argue that the phrase "in any way" modifies only the word "interested" and not "connected." AGC Brief at 13 n.14. Notwithstanding the fact that Defendants attempt to rewrite the "last antecedent rule" to claim that the language "in any way" modifies only the closest *subsequent* term, it is unclear what Defendants hope to accomplish with this argument. Even if the phrase "in any way" was deemed not to apply to the word "connected", left unqualified the word "connected" still maintains the meaning that Plaintiff ascribes to it, that any director connected to the Weiss Family Defendants would be prohibited from approving, authorizing or confirming the Proposed Transaction.

[3] Merriam-Webster, Merriam-Webster.com, http://www.merriam-webster.com/dictionary/affect (last visited Jan. 25, 2013).

-3-

Under Defendants' reading, it would be surplus, a historical remnant that the Court should effectively ignore in favor of Ohio Rev. Code Ann. § 1701.60 ("Section 1701.60")[4]. Far from misconstruing the AOI, Plaintiff's interpretation is the only reasonable interpretation of "affected" in Article Seventh, and the only reading that gives effect to its provisions. *Mansfield Plumbing Prods., LLC v. Mariner Partners, Inc.*, 300 F.Supp.2d 540, 545 (N.D. Ohio 2004) (a contract "should be read as a whole with the intent of each part gathered from a consideration of the whole.").

By failing to demonstrate that "connected" or "affected" are ambiguous, extrinsic evidence is not probative to the meaning of Article Seventh. In any event, even if there were any ambiguity in the contract's language in these respects, the Court should construe it against the drafter of the AOI, and not against the Company's minority shareholders. *See Savedoff*, 524 F.3d at 764 ("If the language in the contract is ambiguous, the court should generally construe it against the drafter"). Accordingly, there is no need for extrinsic evidence here to determine what Article Seventh says.

## II. REGARDLESS, DEFENDANTS' PROFFERED EXTRINSIC EVIDENCE PROVES NOTHING

Extrinsic evidence only becomes probative of a contract's meaning when an ambiguity exists in the contract's terms. *See*, *e.g., Gammell v. Strategic Mortg. Services, Inc.*, No. 16531, 1997 WL 797706, at *4 (Ohio Ct. App. Dec. 31, 1997) (in interpreting contracts, the parties' course of performance becomes relevant only if contractual ambiguity exists). Even assuming for argument's sake that an ambiguity exists in Article Seventh that somehow should not be

---

[4] See below, *Historical Context of Article Seventh's Adoption*; *see* AGC's Brief at 17. Indeed, AGC admits that Article Seventh was intended to provide the Company "with a way to engage in an interested transaction without it being affected by" unfavorable precedent which held that such transactions were invalid. AGC Brief at 5. There is no indication that, absent the applicability of Section 1701.60, that precedent would be any less forceful today.

-4-

construed in favor of the minority shareholders, Defendants' proffered extrinsic evidence lacks evidentiary value here.

### Historical Context of Article Seventh's Adoption

Defendants incorrectly contend that Article Seventh cannot have its plain meaning because of the supposed intent of its drafters that it be coexistent with the provisions allowing for interested transactions in Section 1701.60. They assert that Article Seventh's second paragraph is an archaic remnant of a bye-gone era pre-dating Section 1701.60's enactment. Defendants further assert that, despite Section 1701.60's enactment, this paragraph was deliberately retained because of a supposed belief that it provided the Board with the full extent of allowable authority under Ohio law, as reflected in Defendants' self-serving affidavit.

The historical context, however, not only undermines Defendants' position but it actually supports Plaintiff's view here. The Amended and Restated Articles state in Article Tenth: "These Articles supersede and take the place of the heretofore existing Amended Articles of the Corporation." Shareholders voting on the Articles in 2008 knew that, despite Section 1701.60's adoption, Article Seventh remained. In fact, Section 1701.60 begins, "Unless otherwise provided in the articles…." Ohio Rev. Code Ann. § 1701.60(A). Shareholders also knew that Ohio law explicitly allows Articles to include provisions, such as Article Seventh, "for the purpose of… limiting…the exercise of the authority of…the directors…" Ohio Rev. Code Ann. § 1701.04(B)(3). This context supports the Company's shareholders' reasonable expectation that Article Seventh provides them with *greater* protections against abuses often seen in transactions with corporate insiders than those protections stated in Section 1701.60. If anything, Defendants' foray into history illustrates that Plaintiff's reading of Article Seventh is correct.

**Supposed Historical Application of Article Seventh**

Defendants offer examples of historically ignoring Article Seventh to purportedly demonstrate its consistent application, showing several prior related party transactions were approved under the "Related Persons Transaction Policy" set forth in the Company's public filings, and not under Article Seventh.  AGC Brief at 17-18.  Defendants cite to transactions in 2010 and 2011 in which the Company repurchased Class B common stock from several of the Weiss Family Defendants and allude to numerous "compensation-related" transactions purportedly approved by disinterested and independent directors.  *Id*. at 18.  These transactions have nothing to do with Article Seventh or the interpretation or application of its provisions.  If anything, these prior transactions show that the Company and the Weiss Family Defendants repeatedly disregarded the AOI in the past to ensure the approval of transactions that benefitted the Weiss family and Company insiders, and Plaintiff may well have claims relating to these transactions to the extent they are not barred by the statute of limitations.  Defendants should not be permitted to once again ignore the AOI in perpetrating the Proposed Transaction at the public shareholders' expense just because they ignored it previously.

### III. PLAINTIFF'S REQUESTED DECLARATION WILL AFFIRMATIVELY AFFECT THE PROPOSED TRANSACTION

Defendants question whether Plaintiff's requested declaratory relief will impact the Proposed Transaction and suggest that Plaintiff's interpretation "ignores Article Seventh's plain language…"  AGC Brief at 6-7.  Preferring to conflate issues rather than dealing with each individually, Defendants rewrite Article Seventh to eliminate the troubling but crystal clear requirement that related party transactions be approved by a majority of directors who are not in any way connected with any party to the transaction.  As made clear above, however, Defendants cannot get beyond the plain meaning of Article Seventh and its applicability here.

More importantly, a declaration concerning Article Seventh would plainly and fundamentally impact the proposed transaction, which is described as an "offer to acquire American Greetings." This sort of corporate transaction is usually implemented through either a merger or a tender offer followed by a squeeze out merger. Both scenarios would make the Company a party to a merger agreement under the General Corporation Law. *See* Ohio Rev. Code Ann. § 1701.78(A) (contemplating "an agreement of merger or consolidation between the constituent corporations as provided in this section"). The application of Article Seventh to an acquisition of American Greetings by the Weiss Family and its affiliates would plainly and fundamentally impact that transaction.

## IV.  PLAINTIFF'S MOTION IS TIMELY

Contrary to Defendants' assertion, Plaintiff's motion for summary judgment is timely regardless of the fact that it was filed before: (1) Defendants filed their responsive pleadings[5] or (2) the Court entered a case management order.

Rule 56 permits a party to file a motion for summary judgment at *any time* until 30 days after the close of discovery. Fed. R. Civ. P. 56(b). Likewise, the Court's Civil Trial Order does not prohibit Plaintiff from filing his motion for partial summary judgment at this juncture either. J. Gwin, Civil Trial Order, at 2-3.[6] Nor does any rule exist that a court must enter a case management order before a party may move for summary judgment.[7] In fact, courts routinely

---

[5] The deadline for filing answers to Plaintiff's complaint has passed, and nothing in those answers caused Plaintiff to believe that his motion for summary judgment is premature.

[6] Defendants contend that Plaintiff may only file one motion for summary judgment under the Court's Civil Trial Order, yet they also admit that the Court's Civil Trial Order allows a party to seek leave to file any additional or supplemental motions. WFD Brief at 6-7.

[7] Here, the Court has yet to enter a case management order, so Defendants' reliance on cases where the courts denied motions for summary judgment because they were premature under a case management order is misplaced. *See e.g., Bekaert Corp. v. Standard Sec. Life Ins. Co. of N.Y.,* No. 5:09CV2903, 2010 WL 3959629, at *5 (N.D. Ohio Oct. 8, 2010). Similarly, unlike here, in *Nelson v. LVNV Funding, LLC,* No. 1:12CV835, 2012 WL 3061266, at *2 (N.D. Ohio

grant summary judgments at various stages of the litigation, including before discovery occurs, and before discovery is completed. *See Fifth Third Mortg. Co. v. Chicago Title Ins. Co.,* 692 F.3d 507, 510 (6th Cir. 2012) (affirming lower court's decision to grant summary judgment before any discovery occurred); *Summers v. Leis,* 368 F.3d 881, 890 (6th Cir. 2004) (reversing lower court's decision to deny summary judgment prior to the completion of discovery).

Here, Plaintiff moved for partial summary judgment shortly after filing his complaint because this motion focuses on a discrete, ripe, and possibly dispositive issue. Since the Special Committee is currently considering this proposal from the Weiss Family Defendants, this motion is ripe for decision, and not a waste of judicial resources. Indeed, there is no argument by Defendants that Plaintiff's claim seeking a declaration regarding Article Seventh is premature. There is nothing wrong with seeking prompt resolution of a ripe claim through a summary judgment proceeding.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Partial Summary Judgment and declare that the Special Committee is incapable under the AOI of approving, authorizing or confirming the Proposed Transaction or any similar going-private transaction with the Weiss Family Defendants.

Dated: January 25, 2013     Respectfully submitted,

By: /s/ Joel Levin
Joel Levin, Esq.  (0010671)
Aparesh Paul     (0077119)
LEVIN & ASSOCIATES CO., L.P.A
The Tower at Erieview, Suite 1100
1301 East 9th Street
Cleveland, Ohio 44114
(216) 928-0600
(216) 928-0016 – Fax. No.

---

July 24, 2012), the court's notice of the case management conference specifically prohibited the parties from filing summary judgment motions without leave from the court.

-8-

...

-9-

        KESSLER TOPAZ
        MELTZER & CHECK, LLP
        Lee Rudy
        Michael Wagner
        J. Daniel Albert
        J. Quinn Kerrigan
        280 King of Prussia Road
        Radnor, PA 19087
        (610) 667-7706
        (610) 667-7056 – Fax No.

        GLANCY BINKOW & GOLDBERG LLP
        Michael M. Goldberg
        Louis Boyarsky
        1925 Century Park East
        Suite 2100
        Los Angeles, CA 90067
        (310) 201-9150
        (310) 201-9160 – Fax No.

        LAW OFFICES OF HOWARD G. SMITH
        Howard G. Smith
        3070 Bristol Pike, Suite 112
        Bensalem, PA 19020
        (215) 638-4847
        (215) 638-4867 – Fax No.

**CERTIFICATE OF SERVICE**

A copy of the foregoing Plaintiff's Reply Memorandum of Law in Further Support of His Motion for Partial Summary Judgment On His Claim for Declaratory Relief Pursuant to 28 U.S.C.A. § 2201 was filed electronically with the Court on this 25th day of January 2013. Notice of this filing will be sent by operation of the Court's electronic filing system.

　　　　　　　　　　　　　　　　　　　　　　/s/ Joel Levin
　　　　　　　　　　　　　　　　　　　　　　Joel Levin, Esq.  (0010671)
　　　　　　　　　　　　　　　　　　　　　　*Counsel for R. David Wolfe and Proposed*
　　　　　　　　　　　　　　　　　　　　　　*Co-Lead Counsel*

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1**

I hereby certify that the foregoing complies with the page limitations specified by Local Rule 7.1(f) for cases that have yet to be assigned to a track.

　　　　　　　　　　　　　　　　　　　　　　/s/ Joel Levin
　　　　　　　　　　　　　　　　　　　　　　Joel Levin, Esq.  (0010671)
　　　　　　　　　　　　　　　　　　　　　　*Counsel for R. David Wolfe and Proposed*
　　　　　　　　　　　　　　　　　　　　　　*Co-Lead Counsel*