IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| R. DAVID WOLFE, | ) | |
|     Plaintiff, | ) | Case No. 1:12-cv-02776-JG |
| | ) | |
| v. | ) | |
| | ) | JUDGE JAMES GWIN |
| WEISS, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| **LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM,** | ) ) ) | Case No. 1:12-cv-02816-JG |
| | ) | |
|     Plaintiff, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| WEISS, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

REPLY MEMORANDUM OF LAW IN SUPPORT OF
WEISS DEFENDANTS' MOTION TO DISMISS OR TO STAY

Dated: February 11, 2013

Robert S. Faxon
(Ohio Bar No. 0059678)
E-mail:  rfaxon@jonesday.com
Adrienne Ferraro Mueller
(Ohio Bar No. 0076332)
E-mail:  afmueller@jonesday.com
Brett W. Bell
(Ohio Bar No. 0089168)
E-mail:  bbell@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:    (216) 586-3939
Facsimile:    (216) 579-0212

*Attorneys for the Weiss Defendants*

**PRELIMINARY STATEMENT**

Rather than respond directly to the arguments made in defendants' motions to dismiss or to stay, plaintiffs' opposition instead reargues their premature, though now fully briefed, motion for summary judgment. They devote pages of their opposition brief to discussing a single, incomplete section of the Articles of Incorporation of American Greetings Corporation ("American Greetings") and its supposed impact on the Special Committee's ability to evaluate the Expression of Interest. *See, e.g.*, Pls.' Consol. Mem. of Law in Opp'n to Defs.' Mots. to Dismiss or Stay ("Pls.' Opp'n"), *Wolfe* Docket Item ("D.I.") 38, *LAMPERS* D.I. 23, at 4-8. Perhaps plaintiffs believe that if they repeat their argument about the interpretation of Article Seventh enough times, it will become meritorious. But the merit (or lack of merit) in plaintiffs' summary judgment arguments has nothing to do with defendants' motions to dismiss.

Aside from its summary judgment-themed arguments, the bulk of plaintiffs' omnibus brief is a collection of broad but unfounded accusations and hyperbolic statements. Plaintiffs raise numerous red herrings, but these similarly have nothing to do with the issues raised in defendants' motions to dismiss.[1]

Defendants raise narrow, straightforward issues that should be addressed at the pleading stage. Established precedent demonstrates that these issues compel dismissal or stay of plaintiffs' claims.

---

[1] For example, plaintiffs open their brief with an assertion that defendants' failure to argue "entire fairness" somehow means that the "breach of fiduciary duty claims against the Weiss Family Defendants simply cannot be dismissed at the pleadings stage." Pls.' Opp'n at 2. Later, in attempting to characterize defendants as "forum shopping," plaintiffs bemoan defendants' failure, as yet, to argue that the state court actions are unripe. *Id*. at 2 n.2. But plaintiffs fail to mention, first, that no transaction has been announced and, second, that defendants have not yet been required to respond to the likewise unripe complaints in state court. Plaintiffs here should not be rewarded for the fact that they bring claims that, they argue, are marginally less unripe.

**ARGUMENT**

I.  **Plaintiffs Cannot Cure The Jurisdictional Defects In Their Complaints By Recasting Their Allegations By Way Of Their Opposition Brief.**

Plaintiffs suggest that defendants have moved to dismiss this action on jurisdictional grounds due to a supposed inability to move for dismissal on the merits.  Pls.' Opp'n at 3.  This assertion fails for a number of reasons, not the least of which is that there is not yet any transaction whose merits can be evaluated on a motion to dismiss or abstain.  Moreover, it demonstrates plaintiffs' dismissive view of the threshold issue of this Court's jurisdiction over these proceedings.  The district courts of the United States are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal citation omitted).  Jurisdiction is "[t]he first and fundamental question presented by every case brought to the federal courts." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000) (internal citation omitted). Plaintiffs, however, treat it as a minute detail of litigation.  Because plaintiffs fail to allege facts that establish the Court's jurisdiction over their claims, the complaints must be dismissed.

    A.  **Plaintiffs Failed To Allege Properly This Court's Jurisdiction Under 28 U.S.C. § 1332(a).**

Civil Rule 8(a)(1) requires plaintiffs to make "a short and plain statement of the grounds for the court's jurisdiction," and the law "imposes no duty upon the Court to create a jurisdictional base where the plaintiff has not spelled one out *in his pleadings*." *Dist. 2, Marine Eng'rs Beneficial Ass'n v. Adams*, 447 F. Supp. 72, 76 n.3 (N.D. Ohio 1977) (emphasis added). Here, the only jurisdictional facts contained in plaintiffs' complaints are aimed at the Class Action Fairness Act ("CAFA"), alleging an amount in controversy in excess of $5 million. *Id.* The complaints are devoid of allegations concerning Wolfe's citizenship or the number or value

of shares held by *either* plaintiff. Pls.' Opp'n at 8 n.8, 9. Nowhere in either complaint do plaintiffs assert traditional diversity jurisdiction under § 1332(a). Yet plaintiffs spend much of their opposition brief arguing that they satisfy the requirements of 28 U.S.C. § 1332(a).

An opposition brief to a motion to dismiss is not the place to make such allegations. *See Neff v. Standard Fed. Bank*, No. 2:06-cv-856, 2007 WL 2874794, at *9 (S.D. Ohio Sep. 27, 2007) ("[Plaintiff's] response brief attempts to cure the complaint's deficiencies by adding new factual allegations . . . . The Court may not consider these new allegations not contained in the complaint.").[2] Plaintiffs' attempt to argue jurisdiction pursuant to § 1332(a) now—having realized the absence of jurisdiction pursuant to § 1332(d)[3]—is improper.

### B. Plaintiffs Do Not Allege Sufficient Facts To Meet The Amount In Controversy Requirements Of 28 U.S.C. § 1332(a).

Even considering the factual allegations offered for the first time in their opposition brief, plaintiffs do not meet the requirements of § 1332(a), because they fail to plead sufficient facts to establish that their claim exceeds the amount in controversy. *See* Weiss Mem. at 10-13. To satisfy the jurisdictional amount, "the matter in dispute must be money, or some right, the value of which, in money, can be calculated and ascertained." *Goldsmith v. Sutherland*, 426 F.2d 1395, 1397 (6th Cir. 1970) (internal citation omitted); *see also Amen v. City of Dearborn*, 532 F.2d 554,

---

[2] Copies of unreported cases cited herein are attached as Exhibit A to the Declaration of Adrienne Ferraro Mueller in Support of the Reply Memorandum in Support of Weiss Defendants' Motion to Dismiss or Stay ("Mueller Reply Decl.").

[3] As set out in the Memorandum in Support of Weiss Defendants' Motion to Dismiss or Stay ("Weiss Mem."), *Wolfe* D.I. 19-1, *LAMPERS* D.I. 8-1, the Memorandum in Support of Defendant American Greetings Corporation's Motion to Dismiss ("AM Mem."), *Wolfe* D.I. 17-1, and Defendant American Greetings Corporation's Reply in Support of Motion to Dismiss, ("AM Reply"), *Wolfe* D.I. 43, *LAMPERS* D.I. 25, which the Weiss Defendants adopt and incorporate herein, plaintiffs cannot assert jurisdiction under CAFA because their claims fall under the corporate governance exceptions of 28 U.S.C. § 1332(d)(9). *See* Weiss Mem. at 6-9; AM Mem. at 6-9; AM Reply at 2-6.

560 (6th Cir. 1976) (finding plaintiffs' claims could not satisfy the jurisdictional amount where "incapable of monetary valuation") (internal citation omitted); *Marine Eng'rs Beneficial Ass'n*, 447 F. Supp. at 76 (dismissing an action for injunctive relief where plaintiff made "no attempt to demonstrate that the value in money of the right which it seeks to protect can be calculated or ascertained to exceed [the jurisdictional amount]").

As plaintiffs point out in their opposition brief, when seeking equitable or declaratory relief, the amount in controversy is determined by the "value of the object of the litigation," as measured by the "value of the consequences which may result from the litigation." Pls.' Opp'n at 10 (internal citation omitted); *see also Goldsmith*, 426 F.2d at 1398 ("in injunction actions, the amount in controversy is not the amount that the plaintiff might recover at law, but rather the value of the right to be protected or the extent of the injury to be prevented"); *Davis v. DCB Fin. Corp.*, 259 F. Supp. 2d 664, 675 (S.D. Ohio 2003) ("a plaintiff who bases diversity jurisdiction on the value of injunctive relief must show that the benefit to be obtained from the injunction is sufficiently measurable and certain to satisfy the . . . amount in controversy requirement") (alteration in original) (internal citation omitted). In the Sixth Circuit, this amount "should be valued from the plaintiff's viewpoint for jurisdictional purposes." *Garbaccio v. Columbia Gas Transmission Corp.*, 289 F. Supp. 2d 903, 905 (N.D. Ohio 2003) (internal citation omitted); *see also Perotti v. Black & Decker (US) Inc.*, 205 F. Supp. 2d 813, 818 (N.D. Ohio 2002) (ordering remand where the injunction requested was worth "almost nothing" to each plaintiff).

Contrary to plaintiffs' assertions, though, "[t]he burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194 (2010). By challenging the jurisdictional amount allegation, defendants "put the [plaintiffs] to their proof as to the amount in controversy." *Amen*, 532 F.2d at 560 & n.9

4

(reversing a finding of jurisdiction where "plaintiffs summarily alleged, 'the amount in controversy . . . is greater than [the jurisdictional amount]' and plaintiffs' claims were "incapable of monetary valuation") (internal citations omitted). Even the "legal certainty" standard urged by plaintiffs "is not a license for conjecture." *Davis*, 259 F. Supp. 2d at 675 (internal citation omitted) (dismissing an action to inspect a corporation's books and record where plaintiff alleged no facts indicating the requested relief would increase the value of his shares).

Simply put, plaintiffs cannot say they would lose more than $75,000 under a proposed transaction where neither the transaction nor any of its terms have been approved. The exact pleading standard is irrelevant, because plaintiffs allege *no* facts from which the Court can assess the value of any equitable or declaratory relief. The complaints here contain no allegations of the number or value of shares held by plaintiffs or the amount by which those shares are undervalued. Plaintiffs attempt to cure these deficiencies in their opposition brief, reciting the approximate number and value of shares they hold and the approximate gross value of a potential transaction. *See* Pls.' Opp'n at 9-10. But even these belated allegations are insufficient because they do not demonstrate the benefit to plaintiffs of their requested relief. *See Harrison v. XTO Energy, Inc.*, 705 F. Supp. 2d 572, 579 (N.D. Tex. 2010) (dismissing action to enjoin a proposed merger where plaintiffs claimed "the amount in controversy exceeds $75,000" but did not "allege[] that they own a sufficient number of shares to personally lose in excess of $75,000") (internal quotation marks omitted); *Davis*, 259 F. Supp. 2d at 676 (neither a $1.44 million write-down plaintiff hoped to uncover nor that plaintiff's shares exceeded $75,000 in value satisfied the jurisdictional amount where plaintiff did not allege an increase in the value of his shares); *Rossello v. Gill*, No. 3-12-0493, 2012 WL 5838160, at *3 (M.D. Tenn. Nov. 16, 2012)

5

(dismissing action to enjoin a merger where plaintiff did not ascribe a monetary benefit to his requested relief); *see also* Weiss Mem. at 12-13. Though the current gross value of plaintiffs' (tardily-alleged) holdings exceeds $75,000, plaintiffs do not contend those shares would be worthless if their claims are denied. Plaintiffs make no other allegations from which the Court could even guess how much (if at all) their shares would increase in value if their claims are granted. Nor can plaintiffs make any such allegations, because it is impossible to ascertain the value of interpreting the Articles of Incorporation or of enjoining a hypothetical transaction.

Plaintiffs also claim that the cost to defendants of the requested declaratory and rescissionary relief exceeds $75,000 (Pls.' Opp'n at 11-12), but it is the benefit to the plaintiffs, not the cost to defendants, that must exceed the amount in controversy to establish jurisdiction. *See Garbaccio*, 289 F. Supp. 2d at 905 (remanding action where the cost of an injunction to the defendant would exceed $75,000, but the benefit to the plaintiff would not). Moreover, the case cited by plaintiffs for the proposition that rescissionary damages may establish the amount in controversy is inapposite. *See LAMPERS v. Medco Health Solutions*, No. 2:11-cv-4211, 2011 WL 4386774, at *1 (D.N.J. Sep. 19, 2011). The companies in *Medco* had entered into a merger agreement that included a $950 million termination fee. *Id*. Not only is there no termination fee present here, but there is no agreement for the Court to rescind.

The other cases relied on by plaintiffs are similarly inapposite, as neither case addresses plaintiffs' contention that they need not allege a per share undervaluation. The court in *Lewis v. Seneff* makes no mention of plaintiffs' per share loss, but plaintiffs there did assign a value to their requested relief, alleging defendants "undervalued the limited partners' units in order to divert to themselves $140 million in merger consideration that [p]laintiffs allege should have

6

been paid to the limited partners." 654 F. Supp. 2d 1349, 1353 (M.D. Fla. 2009).[4] The opinion in *Lan v. Ludrof* is even less on point. No. 1:06-cv-114, 2008 WL 763763, at *1 (W.D. Pa. Mar. 21, 2008). The referenced opinion constitutes an order approving a settlement; the court makes only a cursory reference to jurisdiction. *Id*.

Plaintiffs here do not allege any amount that would flow to them as a result of their requested relief. The complaints must be dismissed in light of plaintiffs' failure to meet the amount-in-controversy requirement of diversity jurisdiction.

## II. Plaintiffs' Reliance On Inapplicable Case Law Cannot Cure The Fact That Their Claims Should Have Been Brought Derivatively.

Ohio law establishes that the claims alleged by plaintiffs are derivative. *See* Weiss Mem. at 14-17. Plaintiffs are wrong when they assert that "[s]hareholders properly sue directly when seeking relief relating to a merger which would buy them out of their shares and send consideration to them directly." Pls.' Opp'n at 3. That is not the standard. If it was, then all merger cases under Ohio law would be direct actions, because consideration (in cash, stock, or a combination thereof) is always paid directly to the shareholders.

Ohio law does not say that shareholders can never bring a direct action for breach of fiduciary duty: it does say that—in order to do so—they must allege an injury "separate and distinct" from that of other shareholders. *Crosby v. Beam*, 548 N.E.2d 217, 219 (Ohio 1989). Instead of trying to satisfy that standard, plaintiffs attempt to obfuscate the issue by claiming the Articles provide a contractual basis on which to bring their claims directly. Pls.' Opp'n at 26 (quoting *Emerson v. Bank One, Akron, NA*, No. 20555, 2001 WL 1421531 (Ohio Ct. App. Nov.

---

[4] A review of the Second Amended Complaint filed by the plaintiffs in *Lewis* reveals plaintiffs did in fact allege the per unit undervaluation of their shares in the subject LLC. Second Am. Compl., *Lewis v. Seneff*, No. 6:07-cv-01245 (M.D. Fla. Sep. 15, 2008), D.I. 72, ¶ 35. The relevant portion of the complaint is attached as Mueller Reply Decl. Ex. B.

7

14, 2001)).  But Ohio law allows direct claims based on a contractual duty only where the plaintiff has an "*independent* contractual relationship" with the defendant.  *Adair v. Wozniak*, 492 N.E.2d 426, 428 (Ohio 1986) (emphasis added).  To see this, one need only read a paragraph beyond plaintiffs' quote from *Emerson* (Pls.' Opp'n at 26), where the court said "a shareholder may bring such an action only when that duty originated from circumstances *independent of the shareholder's status as a shareholder*."  *Emerson*, 2001 WL 1421531, at *1 (emphasis added) (affirming summary judgment for defendants where plaintiff did not show a separate and distinct injury).  As a contract between the corporation and *all* of its shareholders, the Articles clearly do not fit this description.  Thus, any duties owed to plaintiffs that arise from the Articles are not separate and distinct, but shared "in common with all other shareholders."  *Adair*, 492 N.E.2d at 429.

On this point, Ohio differs from the rule in Delaware. This Court, of course, properly looks to Delaware cases to interpret Ohio corporate law when there is "no substantive difference between Ohio and Delaware law on [the] issue."  *In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 908, 918 n.6 (N.D. Ohio 2009).  That is not the case here.  The Ohio Supreme Court has held that whether a shareholder action is direct or derivative depends on the type of injury sustained.  *Crosby*, 548 N.E.2d at 219; *Adair*, 492 N.E.2d at 429.  This rule applies with no less force to actions alleging violations of corporate charters or regulations.  *See Carr v. Acacia Country Club Co.*, 970 N.E.2d 1198, 1206 (Ohio Ct. C.P. 2011) ("an aggrieved shareholder–either derivatively or individually, *depending on the injury*–may base a cause of action against the directors on a violation of the code of regulations") (emphasis added), *aff'd*, 970 N.E.2d 1075, 1079 (Ohio Ct. App. 2012) (affirming summary judgment for defendants in a

8

derivative suit for violation of corporate regulations). Tellingly, plaintiffs cite no Ohio cases to the contrary.

Instead, plaintiffs cite a handful of cases they claim are "directly on point" (Pls.' Opp'n at 24), but that actually deal with issues wholly unrelated to the "derivative" versus "direct" distinction. For example, *State ex rel. Ohio Co. v. Maschari* (Pls.' Opp'n at 24) did not decide whether a fiduciary duty challenge to a merger could be brought directly, but whether a common pleas judge had authority to determine her own jurisdiction over plaintiffs' claims. 553 N.E.2d 1356, 1357-59 (Ohio 1990) (denying defendant a writ of prohibition because such writs are an "extraordinary remedy" and defendants did not meet the high bar of showing a "total and complete want of jurisdiction.") (internal citations omitted). The other two Supreme Court of Ohio cases cited by plaintiffs addressed whether a fiduciary duty claim related to a merger could be brought outside of an *appraisal* action; neither says that a claim like plaintiffs advance here is properly brought directly instead of derivatively. *See Armstrong v. Marathon Oil Co.*, 513 N.E.2d 776, 797-98 (Ohio 1987); *Stepak v. Schey*, 553 N.E.2d 1072, 1074-75 (Ohio 1990).[5] The lower court cases cited by plaintiffs are similarly unpersuasive.[6]

---

[5] Both cases disallowed inquiries into the fairness of the per share price paid in a merger because, in Ohio, appraisal is the exclusive remedy for dissenting shareholders. *Armstrong*, 513 N.E.2 at 798 (holding Ohio does not permit an "entire fairness" inquiry into the value of dissenting shareholders' stock); *Stepak*, 553 N.E.2d at 1075 (holding an action outside appraisal is "not available where the shareholder's objection is essentially a complaint regarding the price which he received for his shares").

[6] Two of the cases involve close corporations, which present an exception to the rule that "shareholders are barred from bringing direct actions, rather than derivative actions pursuant to Civ. R. 23.1, unless such shareholders can show how they were injured in a way that is separate and distinct from other shareholders." *Terry v. Carney*, No. OT-94-054, 1995 WL 763971, at *6 (Ohio Ct. App. Dec. 29, 1995) (reversing summary judgment for defendants); *Benincasa v. Flight Sys. Auto. Group, L.L.C.*, 242 F. Supp. 2d 529, 537-40 (N.D. Ohio 2002) (dismissing for failure to state a claim for breach of fiduciary duties). The other case focused on the appraisal

Finally, plaintiffs make no attempt to argue that they satisfied the pleading requirements of Fed. R. Civ. P. 23.1, implicitly conceding that they have failed to do so. *See also* Weiss Mem. at 17-18. Because plaintiffs have not pled their claims derivatively and lack standing to bring them directly, their claims should be dismissed.

### III. Plaintiffs' Claims Are Unripe Because The Challenged Transaction Is A Mere Hypothetical.

Though plaintiffs acknowledge the correct standard on which the Court should evaluate ripeness (Pls.' Opp'n at 28; *see also* Weiss Mem. at 19), they fail to articulate any valid reason why they meet that standard. Plaintiffs make no mention of Count I of the complaints in their ripeness argument, apparently conceding that their claims for breach of fiduciary duty are not ripe because they are based on a not yet agreed-upon transaction. *See Casden v. Burns*, 504 F. Supp. 2d 272, 279 (N.D. Ohio 2007) (dismissing as not ripe fiduciary duty claims against directors of a corporation in bankruptcy, holding that until a reorganization plan was approved, any injury to shareholders was "speculative at best."), *aff'd*, 306 F. App'x 966 (6th Cir. 2009).

Instead, plaintiffs focus solely on their declaratory judgment actions, but they cite no authority supporting their argument that those claims are ripe for adjudication, either. Even under plaintiffs' incorrect interpretation of Article Seventh, the Article would not be violated until a transaction is approved. *See* Pls.' Opp'n at 4 ("the AOI prohibits directors who are 'in any way … connected' to the Weiss Family from *approving* a transaction involving them.") (emphasis added). Since no transaction has been agreed to, plaintiffs' claims lack "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Am. Zurich Ins. Co. v.*

---

(continued…)

statute, rather than the "direct" versus "derivative" distinction. *Sandesara v. PECO II*, 2010 Ohio Misc. LEXIS 565, at *14-15 (Ohio Ct. C.P. Apr. 22, 2010).

*Cooper Tire & Rubber Co.*, 465 F. Supp. 2d 827, 832 (N.D. Ohio 2006) (dismissing a declaratory judgment action to interpret terms of an insurance policy where the likelihood of injury was "too remote"), *aff'd*, 512 F.3d 800 (6th Cir. 2008).[7]

## CONCLUSION

Plaintiffs' opposition brief cannot cure the fatal defects of the complaints. For the reasons articulated by the Memorandum in Support of the Weiss Defendants' Motion to Dismiss or Stay (*Wolfe*, D.I. 19-1; *LAMPERS*, D.I. 8-1), and the companion motion filed by American Greetings (*Wolfe*, D.I. 17-1; *LAMPERS*, D.I. 7), the complaints must be dismissed.

Dated: February 11, 2013

Respectfully submitted,

s/ Robert S. Faxon
Robert S. Faxon
(Ohio Bar No. 0059678)
E-mail: rfaxon@jonesday.com
Adrienne Ferraro Mueller
(Ohio Bar No. 0076332)
E-mail: afmueller@jonesday.com
Brett W. Bell
(Ohio Bar No. 0089168)
E-mail: bbell@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

*Attorneys for the Weiss Defendants*

---

[7] Moreover, plaintiffs' claims are inappropriate for declaratory relief. *See Wolfe*, Mem. in Supp. of Def. AM's Mot. to Dismiss, D.I. 17-1, at 14-17; *see also Liberty Mut. Ins. Co. v. Bohms*, No. 11-2083, 2012 WL 3038173, at *4 (6th Cir. July 26, 2012) (affirming dismissal of declaratory judgment action where a declaration would not settle breach of fiduciary duty claims and the claim was used for procedural fencing).

11

## CERTIFICATE OF COMPLIANCE

I, Adrienne Ferraro Mueller, do hereby depose and state that the foregoing Reply Memorandum of Law in Support of the Weiss Defendants' Motion to Dismiss or to Stay complies with the page limitations set forth in Local Rule 7.1(f).

s/ Adrienne Ferraro Mueller
Adrienne Ferraro Mueller
(Ohio Bar No. 0076332)
E-mail:  afmueller@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:     (216) 586-3939
Facsimile:     (216) 579-0212

*One of the attorneys for the Weiss Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 11, 2013, copies of the foregoing Reply Memorandum of Law in Support of the Weiss Defendants' Motion to Dismiss or Stay, the Declaration of Adrienne Ferraro Mueller in Support of the Reply Memorandum in Support of Weiss Defendants' Motion to Dismiss or Stay, and the attachments thereto, were filed electronically with the Court.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

> s/ Adrienne Ferraro Mueller
> Adrienne Ferraro Mueller
> (Ohio Bar No. 0076332)
> E-mail:  afmueller@jonesday.com
> JONES DAY
> North Point
> 901 Lakeside Avenue
> Cleveland, OH  44114-1190
> Telephone:     (216) 586-3939
> Facsimile:     (216) 579-0212
>
> *One of the attorneys for the Weiss Defendants*