# EXHIBIT B

Case: 1:12-cv-02776-JG Doc #: 44-3 Filed: 02/11/13 1 of 6. PageID #: 1645

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ROBERT LEWIS and SUTTER CAPITAL MANAGEMENT LLC, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>JAMES M. SENEFF, JR.; ROBERT A. BOURNE; CNL REALTY CORPORATION; AND FF-TSY HOLDING COMPANY II, LLC, (formerly known as TRUSTREET PROPERTIES, INC.),<br><br>Defendants | Case No. 6:07-cv-01245-Orl-22DAB<br><br><br><br>JURY TRIAL DEMANDED |

## SECOND AMENDED CLASS ACTION COMPLAINT

continued to be traded on the NYSE, operating under its new name and trading under the stock symbols "TSY" and "TSYPrA" respectively.

## IV. SUBJECT MATTER JURISDICTION AND VENUE

34. This Court has complete diversity jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1332(a). Named Plaintiffs Sutter LLC and Lewis are citizens of California or New York, respectively (See ¶¶ 17, 20), and all Defendants are citizens of states other than California or New York (See ¶¶ 22-24, 26). Therefore, there is complete diversity of the parties to satisfy 28 U.S.C. § 1332(a).

35. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Sutter LLC has suffered damages alleged to be in excess of $75,000, which satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332(a). The Limited Partners should have received $144 million more in Merger Consideration than what they were paid by Defendants. There were approximately 104,810,000 total Units in the 18 CNL Income Funds. *See* ¶ 30. If the $144 million underpayment was allocated among the Class's Units, each Unit's pro rata share of the $144 million underpayment would be approximately $1.33. Sutter LLC held a total of 145,915 Units in the CNL Income Funds; therefore, Sutter LLC was underpaid by approximately $195,000 in the Merger. Using this methodology, Sutter LLC's claims exceed the minimum $75,000 requirement for the amount in controversy.

36. The claims of Lewis and other class members are asserted under principles of supplemental jurisdiction, 28 U.S.C. § 1367. This Court has the power to exercise supplemental jurisdiction over the claims of Lewis and other class members because original subject matter jurisdiction exists with respect to Sutter LLC, which meets both the diversity

17

and amount in controversy requirements of 28 U.S.C. § 1332(a). In addition, this Court should not decline to exercise supplemental jurisdiction under 28 U.S.C. 1367(c) because: (a) Lewis' claims do not raise a novel or complex issue of State law; (b) Lewis' claims do not substantially predominate over the claims over which the district court has original jurisdiction; (c) the district court has not dismissed all claims over which it has original jurisdiction, and (d) there are no other compelling reasons for declining jurisdiction. The claims of Named Plaintiff Lewis are properly included under principles of supplemental jurisdiction, as are the claims of the class members. 28 U.S.C. § 1367.

37.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Many of the acts and transactions giving rise to the violations of law complained of herein occurred in this District and each of the General Partner Defendants resides within the District.

## V.     CLASS ACTION ALLEGATIONS

38.     This is a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all the Limited Partners and their successors in interest who were injured by Defendants' actions as more fully described herein (the "Class"). Excluded from the Class are the Defendants named herein, the officers and directors of Defendants at all relevant times, members of each Defendant's immediate family, any entity in which any Defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party.

39.     This action is properly maintainable as a class action.

40.     As of March 12, 2004, there were over 45,000 Limited Partners of the CNL Income Funds. Therefore, members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members can only be determined through

E.      In the alternative, an order imposing a constructive trust through which the recovery for claims concerning the Merger that otherwise could have been asserted by the CNL Income Funds in a derivative claim should be held for the benefit of the former Limited Partners of the CNL Income Funds;

F.      awarding Plaintiffs reasonable attorneys' fees, experts' fees, interest and cost of suit; and

G.      granting other and further relief as this Court may deem just.

### PLAINTIFFS DEMAND A JURY TRIAL

Dated: September 15, 2008          Respectfully submitted,

CHIMICLES & TIKELLIS LLP

/s/ Nicholas E. Chimicles
Nicholas E. Chimicles (admitted *pro hac vice*)
Kimberly M. Donaldson (admitted *pro hac vice*)
Kimberly L. Kimmel (admitted *pro hac vice*)
One Haverford Centre
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633

Lawrence A. Sucharow
Joseph Sternberg
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Lawrence P. Kolker
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP

270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600

George E. Ridge (Florida Bar No. 226701)
Richard J. Lantinberg (Florida Bar No. 956708)
COOPER, RIDGE & LANTINBERG, P.A.
200 West Forsyth Street, Suite 1200
Jacksonville, FL  32202
Telephone:  (904) 353-6555
Facsimile:    (904) 353-7550

Harold B. Obstfeld
HAROLD B. OBSTFELD, P.C.
100 Park Avenue, 20th Floor
New York, New York 10017
Fax: (212) 867-7369

ATTORNEYS FOR PLAINTIFFS